UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6065-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

Plaintiff,

v.

FITZROY MANDERSON,

Defendant.
_____/

NIGHT BOX
FILED

JUN 9 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S REQUESTED INSTRUCTION REGARDING FLIGHT

The United States of America, by and through its undersigned Assistant United States Attorney, requests that the Court give the attached jury instruction regarding flight by the defendant.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
COURT NO. A5500063
500 EAST BROWARD BLVD., SUITE 700
FORT LAUDERDALE, FL 33394
(954) 356-7306
(954) 356-7336 (FACSIMILE)



## FLIGHT

It is generally accepted that flight is a fact which tends to prove a defendant's consciousness of guilt and thus guilt itself. Although evidence of flight does not give rise to a legal presumption of guilt, it is a circumstance from which one may infer what everyone in daily life inevitably would infer.

Intentional flight immediately after the commission of a crime is not, of course, sufficient in itself to establish guilt, but is a fact which if proved, may be considered by the jury in light of all other evidence in the case in determining guilt or innocence. Whether or not flight shows consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury. Also, whether or not there has been flight is exclusively a matter within the province of the jury.

---

United States v. Borders, 693 F.2d 1318, 1324 (11th Cir. 1982) ("It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus, of guilt itself.")

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Requested Jury Instruction Regarding Flight was served this 12th day of June, 2000, upon: Howard Schumacher, Esquire, 1 Wast Broward Blvd., Suite 700, Fort Lauderdale, FL 33301.

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY