**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6065-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

    Plaintiff,

v.

FITZROY MANDERSON,

    Defendant.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**TO SUPPRESS WITNESS IDENTIFICATION OF DEFENDANT**

    The United States of America, by and through its undersigned Assistant United States Attorney, responds to the defendant's Motion to Suppress Witness Identification Out-of-Court-and In-Court, as follows:

    1. The defendant was charged in a two count indictment on March 14, 2000, with importation and possession with intent to distribute cocaine.

    2. The defendant was employed as a cruise ship crew member aboard the cruise ship Costa Victoria. On February 20, 2000, while the Costa Victoria was docked in Fort Lauderdale, Florida, the defendant boarded a sister ship, the Costa Romantica, docked at



Port Everglades, Florida. A security officer noticed an unusual bulge in the waist-band area of the defendant's clothing and attempted to stop him.

3. When confronted by security guard Jose Guzman, the defendant ran aboard the ship and down a passageway and then into a second corridor where crew cabins are located. While in the passageway of a crew berthing area, the defendant removed packages of cocaine from the waist-band area of his trousers and placed something into in a trash can. Those actions were observed by Jose Rodriguez, a crew member of the Costa Romantica, who was cleaning cabins in the crew's berthing area. After the defendant left the area, Mr. Rodriguez looked in the trash can and saw two suspicious packages. Mr. Rodriguez immediately reported his observations to the ship's first officer (D:16). Authorities seized four packages of cocaine from the trash can.

4. Mr. Rodriguez was deposed prior to trial and subjected to cross-examination by defendant's counsel. During the deposition, Mr. Rodriguez positively identified the defendant as the individual he had seen on February 20, 2000, placing something into the trash can (D:9). At the time Mr. Rodriguez observed the defendant, the two men were approximately 7-10 meters apart. Mr. Rodriguez recalled that the defendant had appeared to be in a rush and to be nervous (D:10). Mr. Rodriguez observed the defendant for a period of approximately one minute and saw his face clearly in a well-lit area (D:9-10, 47). Mr. Rodriguez recalled that prior to February

20, 2000, he had seen the defendant aboard the Costa Victoria in about 1997 (D:15, 24-25, 34-37). When Mr. Rodriguez saw the defendant on February 20, 2000, he did not recall the fact that he had seen the defendant previously aboard the Costa Victoria (D:30-31). Mr. Rodriguez was able to provide a physical description of the person he had seen on February 20, 2000. That description fit the defendant (D:9).

5. Mr. Rodriguez said that he saw the defendant's face on February 20, 2000 and he "memorized his face" (D:31). After observing the defendant, Mr. Rodriguez was summoned by a ship's officer and at that time he saw and recognized the defendant as the person he had seen placing items into the trash can (D:32). The defendant, who was in custody, was brought before Mr. Rodriguez who positively identified him. Mr. Rodriguez testified that he did not have "any doubt" that the defendant was the individual that he had seen placing items in the trash can on February 20, 2000 (D:37-43). Further, Mr. Rodriguez immediately recognized the defendant as the person he had seen at the trash can (D:44). The fact that the defendant was in custody did not affect Mr. Rodriguez' identification (D:46).

### MEMORANDUM OF LAW

A defendant has a recognized due process right to suppress unnecessarily suggestive identification when the procedures may lead to an irreparably mistaken identification. <u>Stovall v. Denno</u>, 388 U.S. 293 (1967). However, a defendant's due process rights are

not violated unless their is a "likelihood of misidentification." Neil v. Biggers, 409 U.S. 188, 198 (1972). The key to the admissibility of witness identification is its reliability. Accordingly, even if an identification occurs after unnecessarily suggestive procedures are utilized, it will not be excluded if the totality of the circumstances indicate that the identification is reliable. See Manson v. Braithwaite, 432 U.S. 98, 114 (1977).

Courts consider five factors when determining the reliability of identification: (1) the witness' opportunity to view the defendant at the time of the crime, 432 U.S. at 114-15; (2) the witness' degree of attention at the time of the crime, 432 U.S. at 115; (3) the accuracy of the witness' description of the defendant prior to the identification, 432 U.S. at 115; (4) the witness' level of certainty when identifying the defendant at the confrontation, 432 U.S. at 115; and the length of time elapsed between the crime and the confrontation, 432 U.S. at 115-16. In the instant case, the defendant was initially observed from close-range in a well-lit area. A short time later he was unequivocal in his identification of the defendant.

The Supreme Court has held that the Constitution does not require a court to conduct an evidentiary hearing on identification outside the presence of the jury. Watkins v. Solders, 449 U.S. 341, 349 (1981). Determinations of reliability are traditionally entrusted to the jury. 449 U.S. at 347. Further, the defendant's due process rights are effectively protected through cross-

examination. See, e.g., <u>U.S. v. Davis</u>, 103 F.3d 660, 670 (8th Cir. 1996).

WHEREFORE, the United States respectfully requests that this Court deny the defendant's Motion to Suppress Witness Identification Out-of-Court-and In-Court.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
COURT NO. A5500063
500 EAST BROWARD BLVD., SUITE 700
FORT LAUDERDALE, FL 33394
(954) 356-7306
(954) 356-7336 (FACSIMILE)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Defendant's Motion to Suppress Witness Identification was served this <u>12th</u> day of June, 2000, upon: Howard Schumacher, Esquire, 1 Wast Broward Blvd., Suite 700, Fort Lauderdale, FL 33301.

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY