UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO. 00-6065-CR-DIMITROULEAS

    Plaintiff,

vs.

FITZROY MANDERSON,

    Defendant.
_____/

## ORDER

THIS CAUSE having been heard upon Defendant's Motion To Suppress Witness Identification Out-Of-Court and In-Court, and the Court having reviewed the Government's Response, [DE-40] having viewed the May 1, 2000 videotape of Jose Rodriguez's deposition, having received the Defendant's testimony at a June 12, 2000 evidentiary hearing, having determined credibility of witnesses, having heard arguments of counsel, finds as follows:

1. On February 20, 2000, the Defendant was arrested and charged with Importation of Cocaine and Possession With Intent To Distribute Cocaine.

2. On February 20, 2000 at approximately 9:30 A.M., Jose Rodriguez was cleaning cabin number 3509 on the Costa Romantica when he went into the hallway and saw a black male wearing wide blue jeans and a long tee shirt. Rodriguez was seven (7) to ten (10) meters from the black male when he made his observations. Rodriguez saw the black male for about one minute. It was a well-lit hallway, comparable to the lighting that existed in the deposition room. Rodriguez memorized the black male's face. Rodriguez observed the black male to lift the lid to a trash can twice and place something inside. The black male stopped and looked Rodriguez



squarely in the face before he left. Later, Rodriguez found square packages in the trash can.

3. Rodriguez did not immediately recognize the black male, but he later recalled at the deposition that he had seen the black male on the Costa Victoria in 1997.

4. After work, Rodriguez went for a jog, and when he returned he was asked if he could identify the person whom he had seen in the hallway.[1] Rodriguez immediately recognized Manderson as the person that he had seen earlier in the hallway. Whether Manderson was in custody or not did not influence Rodriguez's identification.

5. Absent special elements of unfairness, show-up identifications do not entail due process violations. Such identifications are essential to free innocent suspects and to inform the police that further investigation is necessary. U.S. v. King, 148 F. 3d 968, 970 (8th Cir. 1998). Here, Rodriguez never said that he saw Manderson in handcuffs, but even someone's being in police custody does not necessarily render the identification procedure impermissibly suggestive. U.S. v. Bautista, 23 F. 3d 726, 730 (2d Cir.) cert. denied, 513 U.S. 862 (1994). Moreover, what the second commander told Rodriguez did not make the identification unnecessarily suggestive. Rodriguez was not encouraged to make an identification. Livingston v. Johnson, 107 F. 3d 297 (5th Cir. 1997). There was not a substantial likelihood of irreparable misidentification. U.S. v. Jones, 84 F. 3d 1206 (9th Cir. 1996).

6. Even if the show-up were impermissibly suggestive, Rodriguez's identification satisfies all indicia of reliability. U.S. v. Newman, 144 F. 3d 531 (7th Cir. 1998).

    A. Rodriguez had an opportunity to view the black male from 7-10 meters, for one minute, and the black male looked Rodriguez squarely in the face before leaving.

---

[1] Rodriguez was told by the second commander, in Spanish, that they had someone arrested, and they needed him to go ahead and identify if this is the person who stuck the stuff in the trash.

  B. Rodriguez was paying attention to this unusual event because of his training to report unusual activity or suspicious movements; it could have been a bomb.

  C. Rodriguez's description of Manderson was apparently accurate, just not extremely detailed.

  D. Rodriguez was certain of his out-of-court identification.

  E. It was not an overly long period of time between the occurrence and the show-up, long enough for Rodriguez to do a run. Brodnicki v. City of Omaha, 75 F. 3d 1261 (8th Cir. 1996). The identification was reliable. U.S. v. Bredy, 209 F. 3d 1193 (10th Cir. 2000).

 7. Under the totality of circumstances, the identification was reliable.

 8. Both the out-of-court and in-court (deposition) identifications are admissible.

Wherefore, Defendant's Motion to Suppress is DENIED

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of June, 2000.

/s/ WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Terry Thompson, AUSA

Howard Schumacher, Esquire
1 East Broward Boulevard
#700
Ft. Lauderdale, FL 33301