**UNTIED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO: 00-6065-CR-DIMITROULEAS**

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**FITZROY MANDERSON,**

    Defendant,

_____/

**NIGHT BOX FILED**
AUG 2 3 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### UNOPPOSED MOTION TO FILE OBJECTIONS TO PSI OUT OF TIME

COMES NOW, the Defendant,. GEOVANNY JIMENEZ, by and through his undersigned counsel and hereby moves this Honorable Court to allow him to File Objections to the PSI out of Time, and in support thereof states as follows:

1. The undersigned has had three separate trials in the month of August which have been scheduled back-to-back, including two outside the Southern District of Florida.

2. The undersigned had a strained relationship with his client which had caused the court to set a hearing on the Defendant's pro se Motion to Remove the undersigned as attorney of record. This Motion was subsequently rendered moot in court after the Defendant represented on the record that he wished the undersigned to continue as his counsel.

3. The undersigned has spoken in person with AUSA Terrence Thompson in open court, and he expressed no objection to the granting of this motion.



WHEREFORE, the Defendant, GEOVANNY JIMENEZ, hereby moves this Honorable Court to allow him to file his objections to the PSI out of time.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by facsimile this ___ day of July, 1999 to AUSA Terrence at (954) 356-7336 and to U.S. Probation Officer Frances Weisberg at (305) 523- 5496

HOWARD J. SCHUMACHER
One East Broward Boulevard
Suite 700
Ft. Lauderdale, FL. 33301
(954) 356-0477
FL. Bar No: 776335

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6065-CR-DIMITROLEAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

FITZROY MANDERSON,

    Defendant.

_____/

REC'D by _____ D.C.
AUG 2 4 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### DEFENDANT'S OBJECTIONS TO THE PSI

    COMES NOW, the Defendant, FITZROY MANDERSON, by and through his undersigned counsel, and files this, his Objections to the PSI, and in support thereof, states as follows:

    As and for his first objection to the PSI, the Defendant points out that the arrest date on Page 2 is inaccurate. The arrest date for the Defendant was February 20, 2000.

    As and for his second objection, Defendant would object to the PSI's failure to find that he would qualify for a two level adjustment for minor role reduction pursuant to U.S.S.G. Sec. 3B1.2. The application note to this provision of the guidelines reflects that such an adjustment is appropriate for "someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment." Although this crime involved cocaine, such an example applies in principle since the Defendant was apparently recruited to conceal and transport cocaine off the Costa ship to awaiting accomplice. This was the plan that was articulated to Anthony Alcock according to

Government law enforcement witnesses who testified at trial. Alcock was the gentleman who was charged on the same date and time as Defendant on board the Costa Romantica.

As and for his final objection the Defendant Objects pursuant to <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (June 26, 2000) to the Minimum Mandatory calculation and application found at Page 11, Paragraph 47 in that its application is violative of U.S. Constitutional due process rights. NO statutorily-enhanced sentencing range, including the mandatory minimum provisions of 21 U.S.C. Sec. 841() and 960(b) may be applied to the Defendant in this case where such factors were wholly omitted from the Indictment. The essential limitation is that, under <u>Apprendi,</u> the statutory sentencing range must be established in the Indictment as of the time the defendant enters a plea to or goes to trial on the charge stated in the Indictment. The penalty ranges are set separately in Sec. 841 and 960 and are based solely on quantity and other unindicted factors. So, here, there is no mere limitation of discretion within a fixed sentencing range; there is, instead, a myriad of possible sentencing ranges implicated by the indictment, none of which is specified or settled by anything in the indictment itself. The quantity of cocaine involved is thus one which cannot be used without a specific finding of fact by the jury prior to sentencing.

I HEREBY CERTIFY that a copy of the foregoing was sent via facsimile this 24 day of August, 2000 to AUSA Terrence Thompson at (954) 356-7336 and to U.S. Probation Officer Frances Weisberg at (305) 523-5496.

/S/

HOWARD J. SCHUMACHER, ESQ.
1 E. Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33301
(954) 356-0477
FL Bar NO: 776335