UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI

UNITED STATES OF AMERICA,

   PLAINTIFF/RESPONDENT   CASE NO. 00-6065-CR

vs.

FITZROY MANDERSON,

   DEFENDANT/PETITIONER

MOTION FOR THE MODIFICATION OF SENTENCE
PURSUANT THE SAFETY VALVE FAIRNESS ACT 2001
And Title 18 § 3553(f)

 Now comes the Defendant-Petitioner, FITZROY MANDERSON, hereinafter known as "Petitioner" and respectfully moves this Honorable Court for an ORDER adjusting the Total Offense Level in this particular case in conjunction with the Safety Valve Fairness Act '2001 whoch took effect on November 1, 2001.

 on June 14, 2000, the Petitioner, was found GUILTY of violating 21 U.S.C. § 841(a)(1) and sentenced to a term of incarceration within the United States Bureau of Prison of 78 months. It was ascertained through the Presentence Investigation that the Petitioner total offense level in this cause is 26. It was further learned that the Petitioner has 0 criminal history points.

 There were no departures in this case upward or downward and none was sought either by the government of by the Petitioner.

 Petitioner would like to assert to the Court at this time that he should be granted a reduction in sentence under the provisions of U.S.S.G. § 2D1.1(b)(6). Effective September 23, 1994, 5C1.2 of the Sentencing Guidelines was enacted, effectuating the "safety valve" amendment promulgated by Congress. This amendment provides that if the Petitioner meets five (5) criteria, the Court shall impose a sentence in accordance with the applicable guidelines



-2-

without regard to any statutory minimum sentence.  Section 5C1.1 provides:

(1)  the defendant does not have more than one criminal history point, as determined by the sentencing guidelines;

(2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)  the offense did not result in the death or serious bodily injury to any person;

(4)  the defendant was not a leader, organizer, supervisior or manager of others in the offense, as determined by the sentencing guidelines and was not engaged in a continuing criminal enterpize, as defined in 21 U.S.C. §848; and

(5)  not later than the time of sentencing of the defendant, the defendant has truthfully provided to the government all information he had concerning the offense or offenses that were part of the same scheme of plan, but the fact that the defendant has no useful information to provide to the government shall not preclude a determination by the court that the defendant has complied with this requirement.

United States v. Ivester, 75 F.3d 182, 184 (4th Cir. 1996); U.S.S.G. § 5C1.2; 18 USC § 3553(f).

Congress added the safety valve provision in part to grant relief to defendants whose knowledge may be of little or no use to the givernment, and who would thus be ineligible for reductions under the substantial assistance provision.  Further, once a district court has found that each of the criteria has been met, application of the safety valve is mandatory.  United States vs. Adu, 82 F.3d 119, 123 (6th Cir. 1996).

Importantly however, the responsibility for determining whether the Petitioner has satisfied the requirements of the safety valve is the Courts.  The Court may not defer to the Government to determine whether the Petitioner has met the requirements of § 5C1.2.  United States vs. Espinosa, 172, F.3d 795, 797, (11th Cir. 1999).

In addition to allowing a court to sentence this Petitioner below the mandatory minimum, if the Petitioner has a total offense level above 16, he would be entitled to a two level reduction in his offense.  In the case of this Petitioner

-3-

his Total Offense Level would be 24. A total offense level of 24 with a criminal history category of I, he would have been subjected to a sentence of not less than 51 and no more than 63 mo nths instead of the 78 months imposed by the court.

Further, The United States Sentencing Commission has enacted the Safety Valve Fairness Act of '2001, which states in pertinent part that if the Petitioner was incarcerated prior to the enactment of the Act and is still incarcerated, he would receive the retroactive benefits of the Act.

Defendant owuld submit that he has fulfilled all the requirements of the safety-valve. He is therefore entitled to a two point reduction in his sentence and further, any decision to depart downward may be made without consideration of the mandatory minimum sentence.

For the foregoing reasons, Petitioner prays that this Honorable Court SUSTAIN this motion and GRANT the appropriate relief.

Respectfully submitted,

Fitzroy Manderson, pro-se
Regisstration No. 52244-004
FSL/Elkton Ohio (GA)
P.O. Box 10
Lisbon, Ohio 44432-0010

CERTIFICATE OF SERVICE

I, Fitzroy Manderson, state that a true and exact copy of the foregoing was sent by regular United States mail after being deposited in the box for Spec. Mail at the FSL/Elkton this being the 28th day of JAN., 2002, and sent to the United States Attorney for the Southern District of Florida, Miami.

Fitzroy Manderson