Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



February 14, 2002

RE: 00-15128-DD    USA v. Fitzroy Manderson
DC DKT NO.: 00-06065 CR-WPD

TO:    Clarence Maddox

CC:    Howard J. Schumacher

CC:    Anne R. Schultz

CC:    Robert B. Cornell

CC:    Terrence J. Thompson

CC:    Guy A. Lewis

CC:    Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

February 14, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 00-15128-DD      USA v. Fitzroy Manderson
DC DKT NO.: 00-06065 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi, one folder
    Original record on appeal or review, consisting of: four volumes, one volume supplemental

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 00-15128

District Court Docket No.
00-06065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY MANDERSON,

Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:     January 15, 2002
For the Court:  Thomas K. Kahn, Clerk
By:    McCombs, Elaine



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 00-15128
Non-Argument Calendar

---

D. C. Docket No. 00-06065-CR-WPD



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 15 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　Plaintiff-Appellee,

versus

FITZROY MANDERSON,

　　　　　　　　　　　　　　　Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(January 15, 2002)

Before ANDERSON, Chief Judge, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Fitzroy Manderson appeals his conviction for Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues that: (1) the evidence was insufficient to support his conviction; (2) the district court erred by failing to suppress an eyewitness identification that was obtained in an allegedly

suggestive manner; and (3) the district court erred by admitting videotaped depositions of government witnesses. We affirm the conviction.

Manderson, who worked as a cook on a cruise ship, was stopped while trying to exit an adjacently docked cruise ship. A security guard, who did not recognize Masterson, attempted to question him, but Masterson fled and the guards lost sight of him. A short time later, Jose Rodriguez, a member of the ship's housekeeping crew, watched an individual he later identified as Manderson remove two packages from his waist and throw them into the trash. Rodriguez notified one of the ship's officers, who contacted law enforcement. The packages, determined to contain cocaine, were recovered from the trash and Manderson subsequently was apprehended. Manderson was indicted on two drug counts and was convicted of possession with intent to distribute cocaine, in violation of 28 U.S.C. § 841(a)(1). Manderson appeals that conviction.

Manderson argues that there was insufficient evidence to support the jury's finding of guilt. This court reviews the sufficiency of the evidence de novo, drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998). In this case, Rodriguez testified that he saw Manderson throw the packages containing cocaine into the trash can. Manderson argues that this identification is unreliable

2

because Rodriguez failed to mention that he knew Manderson until he later was deposed, even though they had seen each other on many occasions and previously had worked on the same cruise ship. The jury found Rodriguez to be a credible witness, however, and credibility determinations will be reversed by this court only if they are unreasonable. Id. A review of the record, including Rodriguez's testimony, reveals sufficient evidence to support the guilty verdict.

Manderson also argues that the district court erred by failing to suppress Rodriguez's identification. Manderson claims that the "show-up" identification procedure used here was impermissibly suggestive because Rodriguez was not given a line-up. Instead, Rodriguez was shown only Manderson and asked to identify if he was the man who threw the cocaine into the trash. This court has held that "show-ups are not unnecessarily suggestive unless the police aggravate the suggestiveness of the confrontation." Johnson v. Dugger, 817 F.2d 726, 729 (11th Cir. 1987). The fact that Manderson was in police custody does not, by itself, make a show-up identification unnecessarily suggestive. United States v. Bautista, 23 F.3d 726, 730 (2d Cir. 1994). There is nothing in the record to indicate that authorities here aggravated the suggestiveness of the identification. Therefore, there was no error in admitting it.

Finally, Manderson contends that the district court erroneously admitted

3

videotaped depositions of key government witnesses, including Rodriguez. All three witnesses whose depositions were shown to the jury were foreign nationals working on cruise ships outside the subpoena power of the court. This situation creates a "substantial likelihood" that the witnesses were unavailable. United States v. Ramos, 45 F.3d 1519, 1523 (11th Cir. 1995). The deposition of an unavailable witness may be used at trial as substantive evidence. See Fed. R. Crim. P. 15(e). Accordingly, there was no error in admitting the depositions.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
     Deputy Clerk
     Atlanta, Georgia