UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6065-CR-DIMITROULEAS / SNOW

**UNITED STATES OF AMERICA,**

    Plaintiff,

Vs.

**FITZROY MANDERSON,**

    Defendant,

_____/

### DEFENDANT'S RESPONSE TO THIS COURT'S ORDER OF MARCH 5, 2002

COMES NOW, the Defendant, FITZROY MANDERSON, by and through his undersigned counsel, and submits, this his response to this Court's Order of March 5, 2002, and would state:

1. The direct appeal in the undersigned case was disposed of by opinion of the 11th Circuit Court of Appeal on January 15, 2002, with Mandate coming on February 14, 2002. A copy of said decision is attached herewith.

2. The undersigned had previous telephonic contact with AUSA Terry Thompson toward the end of 2001 (the exact date being unknown to the undersigned) in an effort to determine the location of Defendant's money.

3. Since this Court's order of March 5, 2002, the undersigned has spoken with the case agent who has agreed to meet with the undersigned on or before Wednesday, March 20, 2002 to deliver said funds, which are presently being held by the Broward Sheriff's Office.



4. Counsel will deposit these funds into his Trust Account for disbursement to the Defendant or his designee.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to AUSA Terry Thompson at 299 E. Broward Blvd., Ft. Lauderdale, FL 33301 this 19 day of March, 2002..

HOWARD J. SCHUMACHER
500 East Broward Boulevard
Suite 1800
Ft. Lauderdale, FL. 3339401
(954) 356-0477
FL. Bar No: 776335

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15 2002
THOMAS K. KAHN
CLERK

---

No. 00-15128
Non-Argument Calendar

---

D. C. Docket No. 00-06065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY MANDERSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(January 15, 2002)

Before ANDERSON, Chief Judge, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Fitzroy Manderson appeals his conviction for Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues that: (1) the evidence was insufficient to support his conviction; (2) the district court erred by failing to suppress an eyewitness identification that was obtained in an allegedly

suggestive manner; and (3) the district court erred by admitting videotaped depositions of government witnesses. We affirm the conviction.

Manderson, who worked as a cook on a cruise ship, was stopped while trying to exit an adjacently docked cruise ship. A security guard, who did not recognize Masterson, attempted to question him, but Masterson fled and the guards lost sight of him. A short time later, Jose Rodriguez, a member of the ship's housekeeping crew, watched an individual he later identified as Manderson remove two packages from his waist and throw them into the trash. Rodriguez notified one of the ship's officers, who contacted law enforcement. The packages, determined to contain cocaine, were recovered from the trash and Manderson subsequently was apprehended. Manderson was indicted on two drug counts and was convicted of possession with intent to distribute cocaine, in violation of 28 U.S.C. § 841(a)(1). Manderson appeals that conviction.

Manderson argues that there was insufficient evidence to support the jury's finding of guilt. This court reviews the sufficiency of the evidence de novo, drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998). In this case, Rodriguez testified that he saw Manderson throw the packages containing cocaine into the trash can. Manderson argues that this identification is unreliable

2

because Rodriguez failed to mention that he knew Manderson until he later was deposed, even though they had seen each other on many occasions and previously had worked on the same cruise ship. The jury found Rodriguez to be a credible witness, however, and credibility determinations will be reversed by this court only if they are unreasonable. Id. A review of the record, including Rodriguez's testimony, reveals sufficient evidence to support the guilty verdict.

Manderson also argues that the district court erred by failing to suppress Rodriguez's identification. Manderson claims that the "show-up" identification procedure used here was impermissibly suggestive because Rodriguez was not given a line-up. Instead, Rodriguez was shown only Manderson and asked to identify if he was the man who threw the cocaine into the trash. This court has held that "show-ups are not unnecessarily suggestive unless the police aggravate the suggestiveness of the confrontation." Johnson v. Dugger, 817 F.2d 726, 729 (11th Cir. 1987). The fact that Manderson was in police custody does not, by itself, make a show-up identification unnecessarily suggestive. United States v. Bautista, 23 F.3d 726, 730 (2d Cir. 1994). There is nothing in the record to indicate that authorities here aggravated the suggestiveness of the identification. Therefore, there was no error in admitting it.

Finally, Manderson contends that the district court erroneously admitted

3

videotaped depositions of key government witnesses, including Rodriguez. All three witnesses whose depositions were shown to the jury were foreign nationals working on cruise ships outside the subpoena power of the court. This situation creates a "substantial likelihood" that the witnesses were unavailable. <u>United States v. Ramos</u>, 45 F.3d 1519, 1523 (11th Cir. 1995). The deposition of an unavailable witness may be used at trial as substantive evidence. <u>See</u> Fed. R. Crim. P. 15(e). Accordingly, there was no error in admitting the depositions.

AFFIRMED.