UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FITZROY MANDERSON,           CASE NO. 02-60647-CV-DIMITROULEAS
                                      (00-6065-CR-DIMITROULEAS)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED by _____ D.C.
MAY 31 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

**THIS CAUSE** having been heard upon Petitioner's (Manderson) May 1, 2002 Motion to Vacate [DE-1], and the Court having reviewed the court file, trial transcripts and Pre-Sentence Investigation Report, having allowed Manderson to verify his petition [DE-4], having received a May 30, 2002 response from the Government, and having presided over the trial of this cause, finds as follows:

    1. On March 14, 2000, an Indictment was returned against Manderson charging him with Importation of Cocaine and Possession of Cocaine with intent to Distribute, both on February 20, 2000. [CR-DE-31].

    2. On April 21, 2000, the Government requested permission to take depositions of witnesses who were likely to be unavailable to testify at trial. [CR-DE-31]. This Court granted that motion on April 26, 2000. [CR-DE-35].

    3. On June 14, 2000, this Court denied Manderson's Motion to Suppress Identification [CR-DE-43].



4. On June 14, 2000, approximately two weeks before <u>Apprendi v. New Jersey</u> was decided, Manderson was found guilty of Possession of Cocaine with Intent to Distribute. [CR-DE-48].

5. On August 17, 2000, Manderson withdrew his request to substitute trial counsel. [CR-DE-56].

6. On August 23, 2000, defense counsel filed objections to the PSI: minor role and <u>Apprendi</u> (as to the quantity of cocaine). [CR-DE-57].

7. On August 25, 2000, Manderson was sentenced to 78 months in prison, the top of the recommended guideline range. [CR-DE-60].

8. On February 5, 2002, this Court denied a motion to modify sentence. (safety valve) [CR-DE-86].[1] Manderson's appeal of this issue was dismissed on April 16, 2002. [CR-DE-98].

9. On February 19, 2002, the Eleventh Circuit affirmed the Judgment and Sentence on three issues: sufficiency of evidence, suppression of identification, and the right to confrontation on videotaped depositions. [CR-DE-89].

10. In this motion to vacate, Manderson complains about

    A. Insufficient Evidence
        1. Anthony Alcock
        2. Ioscan
        3. Fingerprints

    B. Confrontation of Witnesses on Video-Taped Depositions

    C. Suggestive Identification

    D. Ineffective Assistance of Counsel

---

[1] This Court did not warn Manderson of the danger of his motion being construed as a collateral attack which could bar a later, successive motion. <u>Henderson v. U.S.</u>, 264 F. 3d 709 (7th Cir. 2001); <u>Mason v. Meyers</u>, 208 F. 3d 414 (3d Cir. 2000).

      1. Failure to call witnesses
      2. Lack of consultation about appellate brief, <u>Apprendi</u>, and mitigation
      3. No objections to PSI
      4. No downward departure requests
      5. No plea bargain
      6. Unco-operative on return of money

11. The first three complaints were considered on direct appeal and need not be considered again on collateral attack. <u>U.S. v. Sanin</u>, 252 F. 3d 79, 83 (2d Cir. 2001); <u>cert. denied</u>, 122 S. Ct. 492 (2001); <u>U.S. v. Nyhuis</u>, 211 F. 3d 1340, 1343 (11th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 892 (2001).

12. Mandersons complaints about counsel are conclusory and speculative. <u>Evans v. Cockrell</u>, 285 F. 3d 370, 377 (5th Cir. 2002); <u>U.S. v. Sprouts</u>, 282 F. 3d 1037, 1041 (8th Cir. 2002).

    A. He fails to name his alibi witnesses. Moreover, there is no showing that the witnesses were available, <u>Williamson v. Moore</u>, 221 F. 3d 1177, 1181 (11th Cir. 2000), <u>cert. denied</u>, 122 S. Ct. 234 (2001) or credible, <u>Fuller v. Attorney General</u>, 197 F. 3d 1109, 1111 (11th Cir. 1999). Moreover, he agreed with the strategy of just introducing the passport and then resting his case. [CR-DE-72, p. 5].

    B. He fails to allege what could have been added to his appellate brief had there been consultation. No prejudice has been shown.

    C. Defense counsel did object to the PSI. [CR-DE-57].

    D. Counsel cannot be faulted for failing to anticipate <u>Apprendi</u>[2], a change in the law. <u>Spaziano v. Singletary</u>, 36 F. 3d 1028, 1039 (11th Cir. 1994); <u>cert. denied</u>, 115 S. Ct. 911 (1995); <u>Valenzuela v. U.S.</u>, 261 F. 3d 694, 700 (7th Cir. 2001). Moreover, counsel did object.

---

[2]<u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

[CR-DE-57]. Since, Manderson was sentenced to less than twenty (20) years in prison, no harm can be shown. U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002).

E. This court sentenced at the top end of the guidelines. No prejudice can be shown in that this Court would not have granted a downward departure based upon role (it was argued by counsel and denied by the Court, [CR-DE-73, pp. 6-12]); deportable alien[3]; or aberrant behavior.[4]

F. There is no indication that a plea bargain was ever offered. There is no indication that Manderson wanted to plead guilty. See, Paters v. State, 159 F. 3d 1043, 1047 (7th Cir. 1998). There is no indication that Manderson would have qualified for either acceptance of responsibility (he did not provide such a statement in the PSI, p. 5) or the safety valve (he decided not to say anything to satisfy his burden on minor role [CR-DE-73, p. 11]; therefore, there is no indication that he would have given a truthful statement).

G. There is no prejudice on the problem with the return of money, where Manderson eventually got the money.

---

[3]Assuming the Court had discretion, U.S. v. Lopez-Salas, 266 F. 3d 842, 848 (8th Cir. 2001), the court would not have exercised that discretion. U.S. v. Sera, 267 F. 3d 872, 874 (8th Cir. 2001). No extraordinary circumstances are alleged. U.S. v. Bautista, 258 F. 3d 602, 607 (7th Cir. 2001).

[4]The aberrant behavior amendment to the guidelines under 5K2.20 became effective on November 1, 2000, after the sentencing in this case. U.S. v. Gonzalez, 281 F. 3d 38, 44 (2d Cir. 2002); U.S. v. DeWire, 271 F. 3d 333, 336 (1st Cir. 2001); U.S. v. Spinello, 265 F. 3d 150, 159-60 (3d Cir. 2001). The burden is on Manderson to prove that he would have been entitled to a downward departure. U.S. v. Constantine, 263 F. 3d 1122, 1128 (10th Cir. 2001). His allegations are insufficient to satisfy his burden. He has not alleged that his acts were spontaneous and thoughtless, U.S. v. Pickering, 178 F. 3d 1168, 1172 (11th Cir. 1999), cert. denied, 120 S. Ct. 433 (1999). Moreover, he is still maintaining his innocence.

Wherefore, Manderson's Motion To Vacate is **DENIED**.

The Clerk shall **DENY** any pending motions as **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31 day of May, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Fitzroy Manderson, #55244-004
c/o FSL Elkton Unit G/A
P.O. Box 10
Lisbon, Ohio 44432-0010

Terrence Thompson, AUSA