UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  00-6065-CR-DIMITROULEAS

        Plaintiff,

vs.

FITZROY MANDERSON,

        Defendant.

_____/



**ORDER**

THIS CAUSE having been heard upon Defendant's (Manderson) pro se January 2, 2003

Motion For Modification of Sentence, [DE-102] and the Court having reviewed the Pre-Sentence

Investigation Report (PSIR) and the Court file, finds as follows:

1.  On June 14, 2000, the Defendant was found guilty of Possession with Intent to

Distribute Cocaine. [DE-48].

2.  On August 25, 2000, the Defendant was sentenced to 78 months in prison,  [DE-60],

the top end of the guidelines range.

3.  On August 30, 2000, defense counsel filed a Notice of Appeal. [DE-62].

4.  On October 19, 2000, the Defendant filed a pro se Notice of Appeal. [DE-63].

5.  On September 11, 2001, the Eleventh Circuit Court of Appeals dismissed the appeal.

[DE-82].  However, the appeal was apparently later reinstated and denied on January 15, 2002.

U.S. v. Manderson, 31 Fed. Appx. 929 (11th Cir. 2002).  Mandate issued on February 14, 2002.

[DE-89].

6.  On January 28, 2002, Manderson filed a Motion For Modification of Sentence, [DE-

85] complaining that a November 1, 2001 amendment to the guidelines allowing the safety valve

for Defendant's scoring between Level 17 and 26 should be retroactively applicable to him. On

February 5, 2002 this Court denied the motion [DE-86] since Manderson scored out to Level 26,

the amendment did not help him. Moreover, the Court found that the amendment to the

guidelines did not afford Defendants a second bite at the safety valve apple. Manderson's appeal

of this order was dismissed on April 16, 2002 [DE-98].

7.   On May 1, 2002, Manderson filed a Motion to Vacate. [02-60647-CIV-Dimitrouleas].

On May 31, 2002 this Court denied the motion, [DE-101], finding that a request for downward

departure on a minor role basis was argued and denied at sentencing. [DE-73, pp. 6-12] and that

no prejudice could be shown.

8.   In this latest collateral attack, Manderson complains again about the safety valve. He

complains also that a 2002 amendment to the Guidelines should benefit him. He also complains

about no credit for acceptance of responsibility.

9.   As the Court previously indicated, any guidelines amendment would not have affected

Defendant's sentence in 2000. Previous to November 1, 2001, a defendant would not qualify for

the safety valve if he scored out at less than level 26. Since the Defendant scored level 26 at his

sentencing, he was not disqualified from safety valve consideration. The 2001 amendment does

not operate to allow all convicted defendants another opportunity to seek the safety valve.

10.   Contrary to Manderson's contention, the November 1, 2002 amendment to the

guideline does not operate to his benefit. On November 1, 2002, Amendment 640 to the Federal

Sentencing Guidelines went into effect, reducing the maximum base level offense to 30 for any

drug offender who played a minor role in the offense. Here, Manderson was not awarded a minor

role reduction, and his level was already below 30. Moreover, the guidelines change was substantive and not merely a clarification; it is not retroactively applicable. USSG § 1B1.11(b)(2); U.S. v. Moloney, 287 F. 3d 236, 241 (2d Cir.), cert. denied, 123 S. Ct. 416 (2002); U.S. v. King, 280 F. 3d 886, 891 (8th Cir.), cert. denied, 123 S. Ct. 402 (2002). The commentary to Amendment 640 does not state that it is intended to be a clarifying amendment. U.S. v. Descent, 292 F. 3d 703 (11th Cir. 2002), reh'g petition filed (August 23, 2002). Amendment 640 is not included in the list of amendments to be applied retroactively. USSG § 1B1.10 [c] (2002). Amendment 640 is not applicable to persons sentenced prior to November 1, 2002. Even if the amendment were to be given retroactive application, this Court would have to consider the factors listed in 18 U.S.C. § 3553(a) in deciding whether or not to reduce the defendant's original sentence. U.S. v. Bravo, 203 F. 3d 778, 781 (11th Cir.), cert. denied, 121 S. Ct. 486 (2000). No reduction would be appropriate. Manderson has not established that he otherwise would have qualified for the safety valve. For example, when the court asked Manderson at sentencing if there was anything that he wanted to tell the court about the drug smuggling operation including his role in it, Manderson replied that he wouldn't say anything. [DE-73, pp. 10-11].

11. Moreover, it is a rare occasion for a defendant to be awarded acceptance of responsibility after going to trial.

12. Matters which could have been raised on appeal (safety valve, role, acceptance of responsibility) should not again be heard on collateral attack. U.S. v. Ross, 279 F. 3d 600 (8th Cir. 2002).

13. This is, in effect, a successive collateral attack; permission to file such a motion must be approved by the 11th Circuit Court of Appeal.

3

Wherefore, Defendant's Motion for Modification of Sentence is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _10_ day of January, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Fitzroy Manderson, #52244-004
c/o FSL/ Elkton Ohio (GA)
P.O. Box 10
Lisbon, Ohio 44432-0010

Howard Schumacher, Esquire
1 East Broward Boulevard, #700
Ft. Lauderdale, FL 33301

Terrence Thompson, AUSA