UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6065-CR-Dimitrouleas



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| FITZROY MANDERSON | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PRE-HEARING MEMORANDUM OF LAW IN SUPPORT
OF A FINDING OF GOOD CAUSE OR EXCUSABLE NEGLECT**

Defendant Fitzroy Manderson, by undersigned counsel, in advance of the hearing scheduled in this case for Thursday, July 3, 2003, submits this Memorandum of Law in support of a finding of good cause or excusable neglect under F.R.A.P. 4(b)(4). The facts expected to be developed at the upcoming hearing warrant a finding of good cause or excusable neglect.

**Factual and Procedural Background**

Fitzroy Manderson is serving a 78-month sentence following his August, 2000 conviction on a charge of possession of cocaine with intent to distribute. On January 2, 2003, Mr. Manderson filed a pro se motion pursuant to 18 U.S.C. § 3582(c) seeking a sentencing reduction. The thrust of the motion was a request by Mr. Manderson for reductions in his Sentencing Guidelines offense level based on acceptance of responsibility and the safety valve provisions. It will be established at the hearing that Mr. Manderson neither received nor had access to advice from any attorney in the preparation of this motion. He was assisted by Lloyd Maxwell, a fellow inmate and former law clerk at the prison law library, who had a reputation within the prison as



an authority on federal criminal law.

This Court denied Mr. Manderson's pro se motion in a January 10, 2003 order; per the Court's docket sheet, this Order was entered on January 13, 2003. Under the applicable provisions of the Federal Rules of Appellate Procedure, Mr. Manderson should have mailed his Notice of Appeal from the prison by January 28, 2003.[1] Mr. Manderson mailed his Notice of Appeal on February 5, 2003, eight days late. It will be established at the hearing that Mr. Manderson relied on Mr. Maxwell to prepare the Notice of Appeal in a timely fashion, and that based on the advice of Mr. Maxwell, Mr. Manderson believed the Notice of Appeal was timely.

While Mr. Manderson's Notice of Appeal was not filed within the ten-day period provided by Rule 4(b)(1)(A), it was filed within the 30-day period to seek an extension of time to file a Notice of Appeal. See F.R.A.P., Rule 4(b)(4). In view of this, the Eleventh Circuit Court of Appeals construed the belated Notice of Appeal as a motion under Rule 4(b)(4) for an extension of time.

To prevail on such a motion, the movant must establish that the delay in filing resulted from excusable neglect or good cause. In support of this finding, counsel is prepared to offer at the hearing in-court testimony from Mr. Manderson and telephonic testimony from Mr. Manderson's fellow inmate, Lloyd Maxwell. Mr. Maxwell, a former law clerk at the prison law library, assisted Mr. Manderson in his motion and in preparing the Notice of Appeal. The facts to be developed at the hearing will establish that Mr. Manderson relied in good faith on Mr.

---

[1] Per F.R.A.P., Rule 4(b)(1)(A)(I), a defendant has 10 days from the EOD date to file a Notice of Appeal in a criminal case; per F.R.A.P., Rule 26(a), in calculating the 10-day period you exclude weekends and legal holidays (in this case Martin Luther King's Birthday); per F.R.A.P., Rule 4 ( c)(1) an inmate's Notice of Appeal is timely if mailed from the inmate's correctional institution by the last day for filing.

Maxwell's advice that the Notice of Appeal was timely. This and the other facts expected to be developed at the hearing will establish that the belated Notice of Appeal resulted from good cause or excusable neglect.

### Legal Principles Relevant to a Finding of Good Cause or Excusable Neglect

The United States Supreme Court's opinion in Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993), provides a comprehensive analysis of the concept of "excusable neglect."[2] As the Supreme Court stated, the concept of "excusable neglect" is sufficiently flexible to include, where appropriate, delay resulting from inadvertence, mistake or carelessness, as well as delay resulting from intervening circumstances beyond the party's control. 507 U.S. at 388. The determination of whether neglect should be considered excusable is an equitable one, taking into account all of the circumstances surrounding the party's omission. 507 U.S. at 395. Circumstances relevant to a finding of "excusable neglect" include danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id.; see also Zipperer v. School Board, 111 F.3d 847, 849 (11th Cir. 1997)(finding excusable neglect where late filing resulted from mail delay). The Supreme Court gave special weight to two of the Pioneer factors, stating that "the lack of prejudice to the [non-moving party] or to the interest of efficient judicial administration, combined with the good faith of [the movants] and their counsel, weigh strongly in favor of permitting" a tardy notice. 507 U.S. at 398; see also Advanced Estimating Systems v.

---

[2] Although Pioneer addressed the meaning of "excusable neglect" in context of the Bankruptcy Code, the Eleventh Circuit has extended the Pioneer analysis to the term "excusable neglect" as used in the Federal Rules of Appellate Procedure. See Advanced Estimating System v. Riney, 77 F.3d 1322, 1324 (11th Cir. 1996).

Riney, 77 F.3d at 1325. The potential merit of the appeal is not a proper consideration in conducting an excusable neglect analysis. United States v. Simms, 2002 U.S. App. LEXIS 6560 (3rd Cir. 2002)(copy attached).

Mr. Manderson is incarcerated and indigent; he was not able to obtain the assistance of an attorney in filing his Notice of Appeal. The Pioneer factors do not specifically include consideration of whether a late-filing party was represented by counsel. However, Mr. Manderson's status as a pro se litigant is relevant on the issue of his good faith. As the Eleventh Circuit stated in addressing a habeas corpus issue in Gunn v. Newsome, 881 F.2d 949 (11th Cir. 1989):

> Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners "are often unlearned in the law and unfamiliar with the complicated rules of pleading," we do not "impose on them the same high standards of the legal art which we might place on the members of the legal profession."

881 F.2d at 961. The hearing will establish that Mr. Manderson had no confidence in his ability to comprehend the Rules of Appellate Procedure. He sought advice from what he believed to be the best available source: a fellow inmate named Lloyd Maxwell, who had worked for two years in the prison law library. Mr. Maxwell had assisted hundreds of inmates with filing legal pleadings. Mr. Manderson relied in good faith on Mr. Maxwell's advice that the Notice of Appeal dated February 5, 2003 was timely.

The testimony of Mr. Manderson and his legal advisor Lloyd Maxwell will establish that Mr. Maxwell filed his Notice of Appeal in the good faith belief that he was doing so in a timely fashion. The other Pioneer factors also weigh in favor of a finding of excusable neglect. The length of the delay – eight days – is short. The reason for the delay – good faith reliance by a pro

se litigant on the advice of a trusted legal advisor – is benign. There is no undue prejudice to the government, in that the issues raised in the appeal are straight-forward. Nor is the interest of efficient judicial administration unduly prejudiced by allowing Mr. Manderson's appeal to go forward.

### Conclusion

Based on the foregoing, we respectfully urge the Court to find that Mr. Manderson's belated Notice of Appeal was the result of excusable neglect or good cause.

Dated: July 2, 2003.

VIANALE & VIANALE LLP

By: _____
Julie Prag Vianale
Fla. Bar No. 0184977
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel:   (561) 391-4900
Fax:   (561) 368-9274

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile this 2nd day of July, 2003, to Terrence Thompson, Esq., Assistant U.S. Attorney, E. Broward Blvd., Ft. Lauderdale, Florida 33301

_____
Julie Prag Vianale

Source: Legal > Cases - U.S. > **Federal Cases, Combined Courts** (i)
Terms: **("excusable neglect" w/p "pro se")** (Edit Search)

☞ Select for FOCUS™ or Delivery

*46 Fed. Appx. 63, \*; 2002 U.S. App. LEXIS 6560, \*\**

UNITED STATES OF AMERICA v. EDDIE SIMMS, a/k/a "DJ" Eddie Simms, Appellant

NO. 01-1256

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

46 Fed. Appx. 63; 2002 U.S. App. LEXIS 6560

April 4, 2002, Submitted Under Third Circuit LAR 34.1(a)
April 8, 2002, Filed

**NOTICE: [\*\*1]** RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Middle District of Pennsylvania. D.C. Crim. No. 00-cr-00032. District Judge: Hon. Yvette Kane.

**DISPOSITION:** Remanded.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant felon appealed from the judgment of the United States District Court for the Middle District of Pennsylvania, which denied his motion for an extension of time to file his notice of appeal from a criminal conviction, and also denied his motion for reconsideration.

**OVERVIEW:** The felon pled guilty pursuant to a negotiated plea agreement to a superseding information charging two counts of interstate travel in aid of racketeering, and was sentenced to 120 months imprisonment. The felon failed to file a timely appeal, but moved for an extension of time to file his notice of appeal. The district court denied the motion and also denied a motion for reconsideration. The felon appealed, claiming that the order denying his motion for an extension did not make factual findings on whether the default resulted from **excusable neglect** or good cause. On appeal, the matter was remanded because the felon's claim that he was sentenced beyond the statutory maximum was not frivolous on its face, although it could ultimately prove meritless. Generally, district court's did not deny **pro se** felons permission for a direct appeal in a criminal case when the felon had been sentenced to a considerable prison term and had filed the request for an extension within the 30 days. Consequently, the court's written order did not provide the appellate court with any means of effectively reviewing the district court's ultimate determination of no **excusable neglect**.

**OUTCOME:** The case was remanded to the district court for reconsideration of the order denying the felon's motion for an extension of time to file a notice of appeal.

**CORE TERMS:** notice of appeal, excusable neglect, reconsideration, good cause, sentenced, pro se, extension of time, imprisonment, statutory maximum, sentencing, frivolous

**LexisNexis(TM) HEADNOTES - Core Concepts -** ◆ Hide Concepts

Civil Procedure > Appeals > Reviewability > Time Limitations
**HN1** Under Fed. R. App. P. 4(b)(4), a district court may extend the time to file a notice of appeal by up to 30 days upon a finding of **excusable neglect** or good cause.

Civil Procedure > Appeals > Reviewability > Time Limitations
Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
**HN2** An appellate court reviews the district court's order denying the extension for of discretion.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
**HN3** The appellate courts will accord more deference to discretionary decisions of the district courts when they provide a statement of reasons so that the appellate court has a basis to determine whether the district court soundly exercised its discretion.

Civil Procedure > Appeals > Reviewability > Time Limitations
**HN4** Fed. R. App. P. 4(b)(4) does not require that a district court explain why it denied a motion to extend the time to file a notice of appeal.

Criminal Law & Procedure > Appeals > Right to Appeal > Defendant
**HN5** Under the American system of justice, the courts do not lightly pretermit a defendant's right to appeal.

**COUNSEL:** For UNITED STATES OF AMERICA, Appellee: Theodore B. Smith, III, Office of the United States Attorney, Harrisburg, PA.

For EDDIE SIMMS, Appellant: Steven A. Feldman, Feldman & Feldman, Hauppage, NY.

**JUDGES:** Before: SLOVITER, BARRY and ALARCON *, Circuit Judges.


* Hon. Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

**OPINIONBY:** SLOVITER

**OPINION: [*63]** OPINION OF THE COURT

SLOVITER, Circuit Judge.

Eddie Simms was indicted in the United States District Court for the Middle District of Pennsylvania on five counts of distribution or possession with intent to distribute crack cocaine. Simms pled guilty **[*64]** pursuant to a negotiated plea agreement to a superseding information charging two counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). Simms **[**2]** was sentenced to 120 months imprisonment. He did not file a timely appeal, but moved for an extension of time to file his notice of appeal. The District Court denied the motion and also denied his motion for reconsideration. Simms appeals.

I.

The District Court's judgment sentencing Simms to 120 months imprisonment was entered on the docket on October 16, 2000. Simms had ten days from the entry of judgment on the docket, or until October 26, in which to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i), 4(b)(6). Simms concededly missed the deadline, and instead filed **pro se** a "Request for Leave to File Out of Time Appeal" on November 6, 2000. *HN1* Under the applicable federal rule, a district court may extend the time to file a notice of appeal by up to thirty days "upon a finding of **excusable neglect** or good cause." Fed. R. App. P. 4(b)(4). In his first motion, Simms stated that he "believes that there is **excusable neglect** sufficient to invoke the rule. He alleges that neglect is reflected in defense counsel's failure to file the requested notice." He requested "leave in the interest of fairness and justice." On December 8, 2000, the District Court issued an order denying Simms' **[**3]** request "for failure to demonstrate good cause or **excusable neglect**" (the December order).

Simms filed a notice of appeal from the December order, which was marked as filed in the District Court on December 20, 2000. On December 19, 2000, Smith, again pro se, filed a "Motion to Reconsider Denial of Request for Leave to File Out of Time Appeal," asserting that he was sentenced beyond the statutory maximum, that his notice of appeal was filed eleven days outside of the normal ten-day period, and that there was no potential impact on the judicial proceedings since his notice of appeal was filed within the allotted thirty-day period. Simms also included among his reasons that his "Notice of Appeal was filed in good faith and the reason for the delay was beyond [his] control . . . whereas [he] was being held at York County Immigration Detention Center where access to law books, typewriters, copy machines, and other necessities were unavailable making it impossible for inmates within that detention center to get to courts on a timely basis." On January 18, 2001, the District Court denied Simms's motion for reconsideration, again giving no reason (the January order). Thereafter, in denying **[**4]** Simms' motion to proceed in forma pauperis, the District Court gave some indication of its view of a potential appeal, stating both that, "At sentencing, defendant did not object to the guideline range calculation of 120 months" and that, "There is no good faith basis to support an appeal." Simms filed an amended notice of appeal of the December and January orders, dated January 25, 2001.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. The government argues we lack jurisdiction to consider the District Court's order at all, citing United States v. McKnight, 593 F.2d 230 (3d Cir. 1979). In McKnight, this court held it was without jurisdiction to remand to the district court where that court had made no determination on good cause or excusable neglect whatsoever, despite the tardy filing of a notice of appeal. We **[*65]** dismissed the case without prejudice to permit the appellant to apply to the district court for a ruling on that issue. Id. at 233. We were motivated by concern lest the district court on remand determine that there had been no excusable neglect, which would have led to the intolerable result that this **[**5]** court would have been "at all times without jurisdiction over the appeal." Id. at 232 n.6. Here by contrast, the District Court has already decided the extension issue. Furthermore, because Simms filed a timely notice of appeal following the District Court's denial of Simms' motion for reconsideration, specifying both the denial of the extension and the denial of reconsideration, the court's denial of the extension is properly before us.

*HN2* We review the District Court's order denying the extension for abuse of discretion. Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987).

Simms argues that we should remand to the District Court because that court's December 8 order denying his motion for an extension, which was filed within the requisite 30 days, did not make factual findings on whether the default resulted from excusable neglect or good cause. In support, he cites primarily unreported decisions of other circuits. We do not recognize unreported decisions as the basis for our rulings, even though they emanate from

courts whose opinions merit respect. On the other hand, we have previously explained that HN3 we will accord more deference [**6] to discretionary decisions of the district courts when they provide a statement of reasons so that we have a basis to determine whether the district court soundly exercised its discretion. See United States v. Criden, 648 F.2d 814, 819 (3d Cir. 1981). Indeed, in United States v. Lewis, 522 F.2d 1367, 1369 (5th Cir. 1975), the court of appeals, faced with a similar situation, remanded, stating: "The record before us and the court's written order does not, however, provide us with any means of effectively reviewing the court's ultimate determination of no excusable neglect. We therefore remand this matter to the district court to conduct proceedings as to the question of excusable neglect and to make written findings supportive of its ultimate conclusion."

Nonetheless, HN4 Fed. R. App. P. 4(b)(4) does not require that a district court explain why it denied the motion, and we are not prepared to use this case to exercise our supervisory power to require an explanation each time a district court denies such a motion. On the other hand, if the district court based its denial on an impermissible consideration, that would be a basis to remand so that the district court [**7] can reconsider its ruling. As we previously noted, there is some indication on the record, albeit not in the District Court's brief rulings on the motion for an extension and the motion for reconsideration, that the District Court may have been influenced by its view that Simms' appeal would have no merit.

The standard in Rule 4 does not include the potential merits of the appeal in the concept of **excusable neglect.** The merits, if any, of the appeal are for this court to determine. Of course, it would be difficult to find that an appeal frivolous on its face is supported by good cause. In this case, however, Simms' claim that he was sentenced beyond the statutory maximum is not frivolous on its face, although it may ultimately prove meritless. We note that in our experience district courts do not generally deny **pro se** appellants permission for a direct appeal in a criminal case when the defendant has been sentenced to a considerable prison term and has filed the request for an extension within the [*66] thirty days. HN5 Under our system of justice, we do not lightly pretermit a defendant's right to appeal.

III.

For the reasons set forth, we will remand this matter to the District Court for [**8] reconsideration of the order denying Simms' motion for an extension of time to file a notice of appeal.

Source: Legal > Cases - U.S. > **Federal Cases, Combined Courts** (i)
Terms: **("excusable neglect" w/p "pro se")** (Edit Search)
View: Full
Date/Time: Friday, June 27, 2003 - 11:18 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.