# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 01, 2003

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 03-10817-FF     USA v. Fitzroy Manderson
DC DKT NO.: 00-06065 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one folder, one psi
   Original record on appeal or review, consisting of: five volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (12-2003)

# United States Court of Appeals
For the Eleventh Circuit

No. 03-10817

District Court Docket No.
00-06065-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct 30, 2003
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

FITZROY MANDERSON,

    Defendant-Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
DEC 0 1 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    October 30, 2003
For the Court:    Thomas K. Kahn, Clerk
By:    Miller-Reed, Sharon

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30 2003
THOMAS K. KAHN
CLERK

No. 03-10817
Non-Argument Calendar

D. C. Docket No. 00-06065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY MANDERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(October 30, 2003)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Fitzroy Manderson appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Manderson contends the district court abused its discretion when it refused to apply amendment 640 retroactively.[1] This argument lacks merit. We affirm.

This Court reviews a district court's decision to grant or deny a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Section 3582(c)(2) provides that a district court may reduce a sentence upon a subsequently enacted sentencing guidelines amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement provides that district courts are only authorized to give retroactive effect to those amendments specified in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.").

---

[1] Manderson also contends that his counsel was constitutionally ineffective. However, Manderson failed to raise this claim before the district court. Consequently, it is beyond the scope of this appeal. *See United States v. Pope*, 58 F.3d 1567, 1569 n.6 (11th Cir. 1995) (confining appellate inquiry to "the sole issue considered by the district court"). Moreover, Manderson could not have raised this issue in a § 3582(c)(2) motion. The appropriate vehicle for Manderson's ineffective counsel claim is a habeas corpus petition. 28 U.S.C. § 2255.

2

Section 1B1.10(c) does not specify amendment 640 as a retroactive amendment. U.S.S.G. § 1B1.10(c). Consequently, the district court was not authorized to reduce Manderson's sentence. *See United States v. Rodriguez-Diaz*, 19 F.3d 1340, 1341 (11th Cir. 1994) (refusing to give retroactive effect to an amendment that was not specified in U.S.S.G. § 1B1.10(c) "because to do so would be inconsistent with the policy statement outlined in 1B1.10(a)"). The district court did not abuse its discretion.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia