UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04-60168

FITZROY MANDERSON, )
PETITIONER/MOVANT, )
)
-Vs.- )
)
UNITED STATES OF AMERICA, )
PLAINTIFF. )
_____)

CIV-DIMITROULEAS

CASE NO.  00-6065-CR

DIMITROULEAS

/TORRES

## PETITIONER'S SECOND OR SUCCESSIVE APPLICATION
## FOR RELIEF UNDER 28 U.S.C. 2253(c)(2) AND 28 U.S.C. 2255

PETITIONER FITZROY MANDERSON, PRO-SE, respectfully moves
this Honorable Court to grant him authorization to file a
second or successive application under 28 U.S.C. 2253(c)(2)
and 28 U.S.C. 2255, to vacate, set aside, or correct his sentence
in this case.  In support thereof, the Petitioner/Movant submits
the below and following statement of fact and procedural history
of the case:

1)  On March 17, 2000, the Petitioner was arrested by officers
from the Broward County Sheriff's Department and charged with
violating Title 21 U.S.C. 952(a) and 21 U.S.C. 841(a)(1).

On March 14, 2000, an indictment was returned against
Manderson charging him with importation of Cocaine with intent
to distribute, both on February 20, 2000.  (See Exhibit A)

( 3 )



2)   On June 14, 2000, the Petitioner was found guilty
of Possession with Intent to Distribute Cocaine ⌊DE-48⌋.

3)   On August 25, 2000, the Petitioner was sentenced
to 78 months in prison, ⌊DE-60⌋, the top end of the guidelines
range.

4)   On August 30, 2000, defense counsel filed a Notice
of Appeal. ⌊DE-62⌋

5)   On October 19, 2000, the Petitioner filed a <u>Pro-Se</u>
Notice of Appeal. ⌊DE-63⌋

6)   On September 11, 2001, the Eleventh Circuit Court
of Appeals dismissed the appeal. ⌊DE-82⌋. However, the appeal
was apparently later reinstated and denied on January 15,
2002. <u>U.S. -v.- Manderson</u>, 31 Fed. Appx. 929 (11th Cir. 2002).
Manadate issued on February 14, 2002. ⌊DE-89⌋. (See Exhibit B)

7)   On January 28, 2002, Manderson filed a Motion For
Modification of Sentence, complaining that a November 1, 2001
amendment to the guidelines allowing the safety  valve for
Defendant's scoring between Level 17 and 26 should be retro-
actively applicable to him.  On February 5, 2002 this Court
denied the motion since Manderson scored out to level 26,
the Amendment did not help him.  Moreover, the Court found
that the Amendment to the guidelines did not afford Defendant
a second bite at the safety valve apple.  Manderson's appeal
of this order was dismissed on April 16, 2002.  (See Exhibit C)

8)   On May 1, 2002, Manderson files a 2255 Motion to
Vacate. ⌊02-60647-CIV-Dimitrouleas⌋.  On May 31, 2002, this

Court denied the Motion, ⌊DE-101⌋, finding that a request

for downward departure on a minor role basis was argued and

denied at sentencing.  ⌊DE-73, pp. 6-12⌋ and that no prejudice

could be shown.  (See Exhibit D)

**9)**  On January 2, 2003, Manderson filed an 18 U.S.C.

3582(c) Motion for Modification of his sentence according

to the 2002 Amendment to the Sentencing Guidelines.  The Court

denied it on January 10, 2003.  The Petitioner Appealed it

and the Eleventh Circuit Court of Appeals affirmed it on

October 30, 2003, by virtue of stating that the appropriate

vehicle for Manderson's ineffective assistance of counsel

is a 'habeas corpus' petition, 28 U.S.C. 2255.  (See Foot

Note and Exhibit E)

Respectfully submitted,

**FITZROY MANDERSON, Pro-Se**

---

**Foot Note:**

Manderson also contends that his counsel was Constitutionally
ineffective.  However, Manderson failed to raise this claim before
the District Court.  Consequently, it is beyond the scope of this
Appeal.  See United States -v.- Pope, 58F.3d.1567, 1569n.6 (11th Cir.
1995) (confining appellate inquiry to "the sole issue considered
by the District Court").  Moreover, Manderson could not have raised
this issue in a §3582(c)(2) Motion.  The appropriate vehicle for
Manderson's ineffective counsel claim is a habeas corpus petition.
28 U.S.C. §2255.

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION UNDER 28 U.S.C. 2253(c)(2) AND 28 U.S.C. 2255

**1)**   STATEMENT OF ISSUES UNDER CONSIDERATION.

    **A)**   Petitioner's Application is Properly before this Court as an Application under 28 U.S.C. 2253(c)(2) and 28 U.S.C. 2255.

    **B)**   Petitioner's sentence must be vacated, set aside, or corrected as the Petitioner received ineffective assistance of counsel at sentencing and on Direct Appeal pursuant to 5C1.2, 3B1.2, and 3E1.1

    **C)**   The Petitioner is entitled to an evidentiary hearing on meritorious issues.

**2)**   LAW AND ARGUMENT.

### ISSUE ONE

    **A)**   The Petitioner Fitzroy Manderson, Pro-Se, pursuant to Title 28 U.S.C. 2253(c)(2) and 28 U.S.C. 2255, 5C1.2, 3B1.2, and 3E1.1, and respectfully moves this Honorable Court to grant him authorization to file a second or successive application, and vacate, set aside, or correct the sentence in this case because he had received ineffective assistance of counsel at sentencing and on Direct Appeal, "When his attorney, Schumacher's erroneously advised the Petitioner not to say anything during sentencing because it may ruin the Appeal.  This is after the Honorable Judge Dimitrouleas asked the Petitioner if there is anything he wants to tell the Judge about the drug smuggling operation, or his role in it, or anything else before he imposes sentence."  (See Sentencing Transcripts, P.10-11, Exhibit F)

Mr. Schumachers also failed to raise the above mentioned sentencing issues on Direct Appeal. Thus, this Application brought under 28 U.S.C. 2253(C)(2) and 28 U.S.C. 2255 are properly before this Court, based upon the Eleventh Circuit Court of Appeals decision, dated October 30, 2003. (See Footnote of the Appeals Court decision)

## ISSUE TWO

PETITIONER'S SENTENCE MUST BE VACATED,
SET ASIDE, OR CORRECTED, AS THE PETITIONER
RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
AT SENTENCING AND ON DIRECT APPEAL

As this Court is well aware the Sixth Amendment to the United States Constitution guarantees that every criminal defendant is entitled to the assistance of counsel in presenting his or her defense. "The right to counsel is a fundamental right of criminal defendants', it assures the fairness, and the legitimacy, of our adversary process." Kimmelman -v.- Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582 (1986); and Cuyler -v.- Sullivan, 466 U.S. 335, 343, 100 S.Ct. 1708, 1715, 80 L.Ed.2d 657 (1980). Futhermore, the Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann -v.- Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970). The right to effective assistance of counsel at any critical stage encompasses the right to have an advocate for one's cause. Avery -v.- Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940); Estelle -v.- Smith, 451 U.S. 454, 469-71, 101 S.Ct. 1866,

68 L.Ed.2d 359 (1981), <u>Kirby -v- Illinois</u>, 406 U.S.682, 688-89, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), <u>Mempa -v- Rhay</u>, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967).  Counsel must "subject the prosecution's case to meaningful adversarial testing." <u>United States -v- Cronic</u>, 466 U.S. 648, 659, 104 S.Ct. 20-39, 2947 (1984).  The "Sixth Amendment right to counsel extends to sentencing in federal cases." <u>Mepha -v- Rhay</u>, 389 U.S. 128, 134 (1967): See <u>Hays -v- Arave</u>, 977 F.2d 475 (9th Cir. 1991) (holding the same).  Courts have often recognized that one of the important functions of defense counsel at sentencing is to ensure that the defendant is sentenced on the basis of accurate information.  In <u>Townsend -v- Burke</u>, 334 U.S. 736 (1948), the U.S. Supreme Court stated that "(c)ounsel would have been under a duty to prevent the court from proceeding on such false assumptions and, perhaps, under a duty to seek remedy elsewhere if they persisted." Id. at 470.

The Supreme Court established the test for determining whether a defendant has received the effective assistance of counsel in <u>Strickland -v- Washington</u>, 466 U.S. 668, 104 S.Ct. 2055 (1984).  The High Court stated that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.  The <u>Strickland</u> test has two components, both of which must be satisfied to establish that

defense counsel's performance was ineffective. First, "the
defendant must show that the counsel's performance was deficient."
Id. at 687. Second, the defendant must show that the deficient
performance prejudiced the defense. Id.; See also United
States -v.- ricardo, 78 F.3d 1411, 1418 n.15 (9th Cir. 1995).
A Petitioner seeking to prove ineffective assistance of counsel
"must overcome the presumption that under the circumstances
the challenged action 'might be considered sound trial strategy".
Morris -v.- California, 966 F.2d 448, 456 (9th Cir. 1991)(quoting
Strickland); See also Hendricks -v.- Calderon, 70 F.3d 1032
(9th Cir. 1995)(holding that whether an attorney's conduct
falls within the broad range of professionally acceptable condct
should be determined by examining what was known and reasonable
at the time the attorney made his choices).

    **1. Counsel Rendered Ineffective Assistance at Sentencing
and on Direct Appeal when he failed to Seek a Reduction
in Offense Level based on the Petitioner's Safety Valve,
Minor Role, and Acceptance of Responsibility in the Offense.**

The Sentencing Guidelines provide for a reduction in the
offense level under §5C1.2, 3B1.2, and 3E1.1 based on a defendant's
First Offense, Minimal or Minor Role, and Acceptance of Respon-
sibility. As a preliminary matter, the Petitioner wishes
to inform this Honorable Court that he is in no way attempting
to minimize his conduct in the instant offense. However,
the Guidelines provide for an offense level adjustment in
stiuations like the Petitioner's, and the Petitioner contends
that his attorney was ineffective for failing to seek an

offense level reduction at sentencing, and/or Direct Appeal.
As this Court knows, Sentencing Guideline Section 2D1.1(b)(6)
and 5C1.2(1-5) states:

**(a)**  If the Defendant meets the criteria set forth in subdivisions
(1)-(5) of 5C1.2 (Limitations on Applicability of Statutory
Minimum Sentences in Certain Cases) and the offense level
determined above is level 26 or greater, decrease by
2 levels.

**(b)**  If the Defendant was a minimal participant in any criminal
activity, decrease by 4 levels.

**(c)**  If Defendant was a Minor Participant in any criminal
activity, decrease by 2 levels.

**(d)**  If the Defendant Accepted Responsibility in the criminal
offense, decrease by 2 levels.

At the Petitioner's sentencing hearing, attorney did
not seek a reduced offense level based on the Petitioner's
Safety Valve, Minimal or Minor Role, and Acceptance of Responsibility
in the offense nor on Direct Appeal.  "The Defendant has the
burden of proving by a preponderance of the evidence that
he is entitled to a downward adjustment based on his role
in the offense." United States -v.- Ladum, 141 F.3d 1328,
1348 (9th Cir. 1998);  See also United States -v.- Pena-Guiterrez,
222 F.3d 1080 (9th Cir. 2000)(quoting United States -v.- Ladum
and holding the same).  Clearly, it is the duty of a Defendant's
attorney to raise the issue of a Safety Valve and Minimal
or Minor Role pursuant to §5C1.2, 3B1.2 .  A criminal Defendant,
particularly a foreign national with a very limited ability
to understand the laws and criminal procedures, cannot be
penalized for his ignorance of the United States Sentencing

Guidelines.  This is especially true where allegedly competent
counsel has been appointed to represent the Defendant.  It
was the attorney's duty to explore every possible avenue that
could result in a shorter sentence for the Petitioner, and
he clearly failed to perform that duty.  This is after the
Judge asked the Petitioner if there is anything he wants to
tell the Judge about the drug smuggling operation, or role
in it, or anything else before he imposed sentence.  (See
ST.P.10-11)(See Exhibit F)  The Petitioner's attorney erroneously
advised him that he should not say anything because it may
ruin the Appeal.  (See Petitioner's Affidavit)

     The Petitioner's attorney made absolutely no attempt
to seek a Safety Valve, Minimal or Minor Role, and/or Acceptance
of Responsibility under 5C1.2, 3B1.2 and 3E1.1 reduction despite
the fact that his client was eligible for an offense level
reduction under these sections.  The Petitioner has been pre-
judiced as a result of his attorney's failures, because he
missed his only opportunity to request the above reductions
which had an excellent chance of success.  The Petitioner
submits that his attorney's failure to seek an offense level
reduction under these sections of the Guidelines amounts to
ineffective assistance of counsel, particularly when in light
of the fact that he met all the requirements for the reduction.

     Accordingly, the Petitioner's counsel's actions in this
case fell below the objective standard of reasonable represen-
tation, and resulted in the affirmance of the judgement in

( 11 )

the Petitioner's case, thereby prejudicing him both in the
District Court and on Direct Appeal.

## C.   PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING

The Petitioner contends that, at minimum, he is entitled
to an evidentiary hearing on the matters raised in the instant
motion.   The Petitioner submits that resolution of the issues
raised will require an examination of evidence beyond the
scope of the record.   The Supreme Court has held that a Petitioner
is entitled to an Evidentiary Hearing is he alleges facts
which, if true, would warrant habeas relief.   (In habeas
proceedings, an Evidentiary Hearing is required when the Petitioner's
allegations, if porven, would establish the right to relief.);
Townsend -v.- Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756-57
(1963), overruled on other grounds by Keeney -v.- Tamayo-Reyes,
504 U.S. 1, 112 S.Ct. 1715 (1992).   When determining whether
an Evidentiary Hearing is required, a Court must accept as
true the factual assertions made by the Petitioner.

In the instant case, the Petitioner has made allegations
of ineffective assistance of counsel in violation of his Sixth
Amendment Right.   Assuming that the factual assertions are
true, and evidentiary hearing is necessary to resolve the
issues. If the allegations made by the Petitioner are proven,
he would be entitled to relief in the form of the new trial
and/or re-sentencing hearing.   The Petitioner submits that
the claims he has raised in the present Petition are not frivolous.
Also, the scope of the review necessary to resolve these issues

of ineffective assistance of counsel necessarily to beyond the record. Therefore, the Petitioner suggests that a studied examination by this Court could best occur in an evidentiary hearing. The Petitioner requests that this Court, therefore, order the Evidentiary Hearing to consider the Petitioner's claims for relief.

### III. CONCLUSION

The Petitioner respectfully requests that this Honorable Court grant him authorization to File a Second or Successive Application and vacate, set asisde, or modify the sentence pursuant to U.S.S.G. 5C1.2 (1)-(5), and 3B1.2, 3E1.1 as the Petitioner was denied his Sixth Amendment right to effective assistance of counsel. In the alternative, the Petitioner requests that his appellant rights be restored, so that he can receive the effective assistance of counsel that he has been denied at sentencing and appeal. At the very minimum, the Petitioner requests that the Court consider lowering his offense level in accordance with U.S.S.G. 2D1.1(b), 5C1.2, 3B1.2, and 3E1.1 .

Respectfully submitted,

**FITZROY MONDERSON**
Reg. No. 55244-004
Pro-Se Petitioner
F.S.L. Elkton, Unit G/A
P.O. Box 10
Lisbon, Ohio 44432-0010

## C E R T I F I C A T E   O F   S E R V I C E

I declare under penalty of perjury that the foregoing is true and correct and placed in the Special Mail Box at F.S.L. Elkton, Ohio 44432.  Executed on this _20th_ day of January 2004.

**FITZROY MONDERSON, Pro-Se**
Reg. No. 55244-004
F.S.L. Elkton, Unit G/A
P.O. Box 10
Lisbon, Ohio 44432-0010


**cc:**  U.S. Assitant Attorney Terrence Thompson
500 East Broward Boulevard
Fort Lauderdale, Florida 33301-1902

EXHIBIT (A)

EXHIBIT (A)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6065-CR-DIMITROULEAS
21 USC §952(a)
21 USC §841(a)(1)                    MAGISTRATE JUDGE
18 USC §2                            SNOW

UNITED STATES OF AMERICA

vs.

FITZROY MANDERSON
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about February 20, 2000, at Broward County, in the Southern District of Florida, the

defendant,

**FITZROY MANDERSON,**

did knowingly and intentionally import into the United States, from a place outside thereof, a

Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States

Code, Section 2.



## COUNT II

On or about February 20, 2000, at Broward County, in the Southern District of Florida, the

defendant,

### FITZROY MANDERSON,

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance,

that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21,

United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON


_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY


_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

- 2 -

EXHIBIT (B)

EXHIBIT (B)

*Terrence Thompson*

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

-----------------------

No. 00-15128
Non-Argument Calendar

-----------------------

D. C. Docket No. 00-06065-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 1 5 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY MANDERSON,

Defendant-Appellant.

-----------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------

(January 15, 2002)

GOVERNMENT
EXHIBIT

CASE
NO. 00-6065-C

EXHIBIT
NO.     C

Before ANDERSON, Chief Judge, DUBINA and KRAVITCH, Circ

PER CURIAM:

Fitzroy Manderson appeals his conviction for Possession with Intent to

Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues that: (1) the

evidence was insufficient to support his conviction; (2) the district court erred by

failing to suppress an eyewitness identification that was obtained in an allegedly

B

suggestive manner; and (3) the district court erred by admitting videotaped depositions of government witnesses. We affirm the conviction.

Manderson, who worked as a cook on a cruise ship, was stopped while trying to exit an adjacently docked cruise ship. A security guard, who did not recognize Masterson, attempted to question him, but Masterson fled and the guards lost sight of him. A short time later, Jose Rodriguez, a member of the ship's housekeeping crew, watched an individual he later identified as Manderson remove two packages from his waist and throw them into the trash. Rodriguez notified one of the ship's officers, who contacted law enforcement. The packages, determined to contain cocaine, were recovered from the trash and Manderson subsequently was apprehended. Manderson was indicted on two drug counts and was convicted of possession with intent to distribute cocaine, in violation of 28 U.S.C. § 841(a)(1). Manderson appeals that conviction.

Manderson argues that there was insufficient evidence to support the jury's finding of guilt. This court reviews the sufficiency of the evidence <u>de novo</u>, drawing all reasonable inferences and credibility choices in favor of the jury's verdict. <u>United States v. Trujillo</u>, 146 F.3d 838, 845 (11th Cir. 1998). In this case, Rodriguez testified that he saw Manderson throw the packages containing cocaine into the trash can. Manderson argues that this identification is unreliable

2

because Rodriguez failed to mention that he knew Manderson until he later was deposed, even though they had seen each other on many occasions and previously had worked on the same cruise ship. The jury found Rodriguez to be a credible witness, however, and credibility determinations will be reversed by this court only if they are unreasonable. Id. A review of the record, including Rodriguez's testimony, reveals sufficient evidence to support the guilty verdict.

Manderson also argues that the district court erred by failing to suppress Rodriguez's identification. Manderson claims that the "show-up" identification procedure used here was impermissibly suggestive because Rodriguez was not given a line-up. Instead, Rodriguez was shown only Manderson and asked to identify if he was the man who threw the cocaine into the trash. This court has held that "show-ups are not unnecessarily suggestive unless the police aggravate the suggestiveness of the confrontation." Johnson v. Dugger, 817 F.2d 726, 729 (11th Cir. 1987). The fact that Manderson was in police custody does not, by itself, make a show-up identification unnecessarily suggestive. United States v. Bautista, 23 F.3d 726, 730 (2d Cir. 1994). There is nothing in the record to indicate that authorities here aggravated the suggestiveness of the identification. Therefore, there was no error in admitting it.

Finally, Manderson contends that the district court erroneously admitted

3

videotaped depositions of key government witnesses, including Rodriguez. All

three witnesses whose depositions were shown to the jury were foreign nationals

working on cruise ships outside the subpoena power of the court. This situation

creates a "substantial likelihood" that the witnesses were unavailable. United

States v. Ramos, 45 F.3d 1519, 1523 (11th Cir. 1995). The deposition of an

unavailable witness may be used at trial as substantive evidence. See Fed. R.

Crim. P. 15(e). Accordingly, there was no error in admitting the depositions.

AFFIRMED.

4

EXHIBIT  (C)

EXHIBIT  (C)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 00-6065-CR-DIMITROULEAS

    Plaintiff,

vs.



FITZROY MANDERSON,

    Defendant.

_____/

## O R D E R

THIS CAUSE having been heard upon Defendant's pro se January 28, 2002 Motion For

the Modification of Sentence, and the Court having reviewed the Court file, finds as follows:

    1. On June 14, 2000, the Defendant was found guilty of Possession with Intent to

Distribute Cocaine. [DE-48].

    2. On August 28, 2000, the Defendant was sentenced to 78 months in prison. [DE-60].

    3. On August 30, 2000, defense counsel filed a Notice of Appeal. [DE-62].

    4. On October 19, 2000, the Defendant filed a pro se Notice of Appeal. [DE-63].

    5. On September 11, 2001, the Eleventh Circuit Court of Appeals dismissed the appeal.

[DE-82].

    6. Any amendment to 18 U.S.C. § 3553 (f) would not have affected Defendant's sentence

in 2000. Previous to November 1, 2001, a defendant would not qualify for the safety valve if he

scored out at less than level 26. Since the Defendant scored level 26 at his sentencing, he was

not disqualified from safety valve consideration.[1]  This 2001 amendment does not operate to

_____

[1]All other guideline application decisions made during the original sentencing remain
intact. U.S. v. Bravo, 203 F. 3d 778 (11th Cir. 2000). This Court need not address whether

allow all convicted defendants another opportunity to seek the safety valve.

Wherefore, Defendant's Motion for Modification of Sentence is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

_5_ day of February, 2002.



WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Fitzroy Manderson, #52244-004
c/o FSL/ Elkton Ohio (GA)
P.O. Box 10
Lisbon, Ohio 44432-0010

Howard Schumacher, Esquire
1 East Broward Boulevard, #700
Ft. Lauderdale, FL 33301

Terrence Thompson, AUSA

_____

Manderson could have satisfied all five criteria for the safety valve, nor does this Court now
decide any issues of ineffective assistance of counsel at sentencing.

EXHIBIT (D)

EXHIBIT (D)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FITZROY MANDERSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

CASE NO. 02-60647-CV-DIMITROULEAS
(00-6065-CR-DIMITROULEAS)

FILED by _____ D.C.

MAY 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

    **THIS CAUSE** having been heard upon Petitioner's (Manderson) May 1, 2002 Motion to

Vacate [DE-1], and the Court having reviewed the court file, trial transcripts and Pre-Sentence

Investigation Report, having allowed Manderson to verify his petition [DE-4], having received a

May 30, 2002 response from the Government, and having presided over the trial of this cause,

finds as follows:

    1. On March 14, 2000, an Indictment was returned against Manderson charging him with

Importation of Cocaine and Possession of Cocaine with intent to Distribute, both on February 20,

2000. [CR-DE-31].

    2. On April 21, 2000, the Government requested permission to take depositions of

witnesses who were likely to be unavailable to testify at trial. [CR-DE-31]. This Court granted

that motion on April 26, 2000. [CR-DE-35].

    3. On June 14, 2000, this Court denied Manderson's Motion to Suppress Identification

[CR-DE-43].

*D*

4. On June 14, 2000, approximately two weeks before <u>Apprendi v. New Jersey</u> was decided, Manderson was found guilty of Possession of Cocaine with Intent to Distribute. [CR-DE-48].

5. On August 17, 2000, Manderson withdrew his request to substitute trial counsel. [CR-DE-56].

6. On August 23, 2000, defense counsel filed objections to the PSI: minor role and <u>Apprendi</u> (as to the quantity of cocaine). [CR-DE-57].

7. On August 25, 2000, Manderson was sentenced to 78 months in prison, the top of the recommended guideline range. [CR-DE-60].

8. On February 5, 2002, this Court denied a motion to modify sentence. (safety valve) [CR-DE-86].[1] Manderson's appeal of this issue was dismissed on April 16, 2002. [CR-DE-98].

9. On February 19, 2002, the Eleventh Circuit affirmed the Judgment and Sentence on three issues: sufficiency of evidence, suppression of identification, and the right to confrontation on videotaped depositions. [CR-DE-89].

10. In this motion to vacate, Manderson complains about

    A. Insufficient Evidence
       1. Anthony Alcock
       2. Ioscan
       3. Fingerprints

    B. Confrontation of Witnesses on Video-Taped Depositions

    C. Suggestive Identification

    D. Ineffective Assistance of Counsel

---

[1]This Court did not warn Manderson of the danger of his motion being construed as a collateral attack which could bar a later, successive motion. <u>Henderson v. U.S.</u>, 264 F. 3d 709 (7th Cir. 2001); <u>Mason v. Meyers</u>, 208 F. 3d 414 (3d Cir. 2000).

2

    1. Failure to call witnesses

    2. Lack of consultation about appellate brief, <u>Apprendi</u>, and mitigation

    3. No objections to PSI

    4. No downward departure requests

    5. No plea bargain

    6. Unco-operative on return of money

11. The first three complaints were considered on direct appeal and need not be considered again on collateral attack. <u>U.S. v. Sanin</u>, 252 F. 3d 79, 83 (2d Cir. 2001); <u>cert. denied</u>, 122 S. Ct. 492 (2001); <u>U.S. v. Nyhuis</u>, 211 F. 3d 1340, 1343 (11th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 892 (2001).

12. Mandersons complaints about counsel are conclusory and speculative. <u>Evans v. Cockrell</u>, 285 F. 3d 370, 377 (5th Cir. 2002); <u>U.S. v. Sprouts</u>, 282 F. 3d 1037, 1041 (8th Cir. 2002).

    A. He fails to name his alibi witnesses. Moreover, there is no showing that the witnesses were available, <u>Williamson v. Moore</u>, 221 F. 3d 1177, 1181 (11th Cir. 2000), <u>cert. denied</u>, 122 S. Ct. 234 (2001) or credible, <u>Fuller v. Attorney General</u>, 197 F. 3d 1109, 1111 (11th Cir. 1999). Moreover, he agreed with the strategy of just introducing the passport and then resting his case. [CR-DE-72, p. 5].

    B. He fails to allege what could have been added to his appellate brief had there been consultation. No prejudice has been shown.

    C. Defense counsel did object to the PSI. [CR-DE-57].

    D. Counsel cannot be faulted for failing to anticipate <u>Apprendi</u>[2], a change in the law. <u>Spaziano v. Singletary</u>, 36 F. 3d 1028, 1039 (11th Cir. 1994); <u>cert. denied</u>, 115 S. Ct. 911 (1995); <u>Valenzuela v. U.S.</u>, 261 F. 3d 694, 700 (7th Cir. 2001). Moreover, counsel did object.

---

[2]<u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

3

[CR-DE-57]. Since, Manderson was sentenced to less than twenty (20) years in prison, no harm can be shown. U.S. v. Sanchez, 269 F. 3d 1250 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002).

      E. This court sentenced at the top end of the guidelines. No prejudice can be shown in that this Court would not have granted a downward departure based upon role (it was argued by counsel and denied by the Court, [CR-DE-73, pp. 6-12]); deportable alien[3]; or aberrant behavior.[4]

      F. There is no indication that a plea bargain was ever offered. There is no indication that Manderson wanted to plead guilty. See, Paters v. State, 159 F. 3d 1043, 1047 (7th Cir. 1998). There is no indication that Manderson would have qualified for either acceptance of responsibility (he did not provide such a statement in the PSI, p. 5) or the safety valve (he decided not to say anything to satisfy his burden on minor role [CR-DE-73, p. 11]; therefore, there is no indication that he would have given a truthful statement).

      G. There is no prejudice on the problem with the return of money, where Manderson eventually got the money.

---

[3]Assuming the Court had discretion, U.S. v. Lopez-Salas, 266 F. 3d 842, 848 (8th Cir. 2001), the court would not have exercised that discretion. U.S. v. Sera, 267 F. 3d 872, 874 (8th Cir. 2001). No extraordinary circumstances are alleged. U.S. v. Bautista, 258 F. 3d 602, 607 (7th Cir. 2001).

[4]The aberrant behavior amendment to the guidelines under 5K2.20 became effective on November 1, 2000, after the sentencing in this case. U.S. v. Gonzalez, 281 F. 3d 38, 44 (2d Cir. 2002); U.S. v. DeWire, 271 F. 3d 333, 336 (1st Cir. 2001); U.S. v. Spinello, 265 F. 3d 150, 159-60 (3d Cir. 2001). The burden is on Manderson to prove that he would have been entitled to a downward departure. U.S. v. Constantine, 263 F. 3d 1122, 1128 (10th Cir. 2001). His allegations are insufficient to satisfy his burden. He has not alleged that his acts were spontaneous and thoughtless, U.S. v. Pickering, 178 F. 3d 1168, 1172 (11th Cir. 1999), cert. denied, 120 S. Ct. 433 (1999). Moreover, he is still maintaining his innocence.

4

Wherefore, Manderson's Motion To Vacate is **DENIED**.

The Clerk shall **DENY** any pending motions as **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

　　　　**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of May, 2002.

　　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM P. DIMITROULEAS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished to:

Fitzroy Manderson, #55244-004
c/o FSL Elkton Unit G/A
P.O. Box 10
Lisbon, Ohio 44432-0010

Terrence Thompson, AUSA

5

<u>**EXHABIT (E)**</u>

<u>**EXHABIT (E)**</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

FITZROY MANDERSON,

     Defendant.

_____/

CASE NO. 00-6065-CR-DIMITROULEAS



## O R D E R

THIS CAUSE having been heard upon Defendant's (Manderson) pro se January 2, 2003

Motion For Modification of Sentence, [DE-102] and the Court having reviewed the Pre-Sentence

Investigation Report (PSIR) and the Court file, finds as follows:

1. On June 14, 2000, the Defendant was found guilty of Possession with Intent to

Distribute Cocaine. [DE-48].

2. On August 25, 2000, the Defendant was sentenced to 78 months in prison, [DE-60],

the top end of the guidelines range.

3. On August 30, 2000, defense counsel filed a Notice of Appeal. [DE-62].

4. On October 19, 2000, the Defendant filed a pro se Notice of Appeal. [DE-63].

5. On September 11, 2001, the Eleventh Circuit Court of Appeals dismissed the appeal.

[DE-82]. However, the appeal was apparently later reinstated and denied on January 15, 2002.

U.S. v. Manderson, 31 Fed. Appx. 929 (11th Cir. 2002). Mandate issued on February 14, 2002.

[DE-89].

6. On January 28, 2002, Manderson filed a Motion For Modification of Sentence, [DE-

1

85] complaining that a November 1, 2001 amendment to the guidelines allowing the safety valve for Defendant's scoring between Level 17 and 26 should be retroactively applicable to him. On February 5, 2002 this Court denied the motion [DE-86] since Manderson scored out to Level 26, the amendment did not help him. Moreover, the Court found that the amendment to the guidelines did not afford Defendants a second bite at the safety valve apple. Manderson's appeal of this order was dismissed on April 16, 2002 [DE-98].

7. On May 1, 2002, Manderson filed a Motion to Vacate. [02-60647-CIV-Dimitrouleas]. On May 31, 2002 this Court denied the motion, [DE-101], finding that a request for downward departure on a minor role basis was argued and denied at sentencing. [DE-73, pp. 6-12] and that no prejudice could be shown.

8. In this latest collateral attack, Manderson complains again about the safety valve. He complains also that a 2002 amendment to the Guidelines should benefit him. He also complains about no credit for acceptance of responsibility.

9. As the Court previously indicated, any guidelines amendment would not have affected Defendant's sentence in 2000. Previous to November 1, 2001, a defendant would not qualify for the safety valve if he scored out at less than level 26. Since the Defendant scored level 26 at his sentencing, he was not disqualified from safety valve consideration. The 2001 amendment does not operate to allow all convicted defendants another opportunity to seek the safety valve.

10. Contrary to Manderson's contention, the November 1, 2002 amendment to the guideline does not operate to his benefit. On November 1, 2002, Amendment 640 to the Federal Sentencing Guidelines went into effect, reducing the maximum base level offense to 30 for any drug offender who played a minor role in the offense. Here, Manderson was not awarded a minor

rôle reduction, and his level was already below 30. Moreover, the guidelines change was substantive and not merely a clarification; it is not retroactively applicable USSG § 1B1.11(b)(2); U.S. v. Moloney, 287 F. 3d 236, 241 (2d Cir.), cert. denied, 123 S. Ct. 416 (2002); U.S. v. King, 280 F. 3d 886, 891 (8th Cir.), cert. denied, 123 S. Ct. 402 (2002). The commentary to Amendment 640 does not state that it is intended to be a clarifying amendment. U.S. v. Descent, 292 F. 3d 703 (11th Cir. 2002), reh'g petition filed (August 23, 2002). Amendment 640 is not included in the list of amendments to be applied retroactively. USSG § 1B1.10 [c] (2002). Amendment 640 is not applicable to persons sentenced prior to November 1, 2002. Even if the amendment were to be given retroactive application, this Court would have to consider the factors listed in 18 U.S.C. § 3553(a) in deciding whether or not to reduce the defendant's original sentence. U.S. v. Bravo, 203 F. 3d 778, 781 (11th Cir.), cert. denied, 121 S. Ct. 486 (2000). No reduction would be appropriate. Manderson has not established that he otherwise would have qualified for the safety valve. For example, when the court asked Manderson at sentencing if there was anything that he wanted to tell the court about the drug smuggling operation including his role in it, Manderson replied that he wouldn't say anything. [DE-73, pp. 10-11].

11. Moreover, it is a rare occasion for a defendant to be awarded acceptance of responsibility after going to trial.

12. Matters which could have been raised on appeal (safety valve, role, acceptance of responsibility) should not again be heard on collateral attack. U.S. v. Ross, 279 F. 3d 600 (8th Cir. 2002).

13. This is, in effect, a successive collateral attack; permission to file such a motion must be approved by the 11th Circuit Court of Appeal.

3

Wherefore, Defendant's Motion for Modification of Sentence is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

10 day of January, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Fitzroy Manderson, #52244-004
c/o FSL/ Elkton Ohio (GA)
P.O. Box 10
Lisbon, Ohio 44432-0010

Howard Schumacher, Esquire
1 East Broward Boulevard, #700
Ft. Lauderdale, FL 33301

Terrence Thompson, AUSA

4

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 03-10817
Non-Argument Calendar

———————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

OCT 3 0 2003

THOMAS K. KAHN
CLERK

D. C. Docket No. 00-06065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FITZROY MANDERSON,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida

———————————

(October 30, 2003)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Fitzroy Manderson appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Manderson contends the district court abused its discretion when it refused to apply amendment 640 retroactively.[1] This argument lacks merit. We affirm.

This Court reviews a district court's decision to grant or deny a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Section 3582(c)(2) provides that a district court may reduce a sentence upon a subsequently enacted sentencing guidelines amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement provides that district courts are only authorized to give retroactive effect to those amendments specified in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.").

---

[1] Manderson also contends that his counsel was constitutionally ineffective. However, Manderson failed to raise this claim before the district court. Consequently, it is beyond the scope of this appeal. *See United States v. Pope*, 58 F.3d 1567, 1569 n.6 (11th Cir. 1995) (confining appellate inquiry to "the sole issue considered by the district court"). Moreover, Manderson could not have raised this issue in a § 3582(c)(2) motion. The appropriate vehicle for Manderson's ineffective counsel claim is a habeas corpus petition. 28 U.S.C. § 2255.

2

Section 1B1.10(c) does not specify amendment 640 as a retroactive amendment. U.S.S.G. § 1B1.10(c). Consequently, the district court was not authorized to reduce Manderson's sentence. *See United States v. Rodriguez-Diaz*, 19 F.3d 1340, 1341 (11th Cir. 1994) (refusing to give retroactive effect to an amendment that was not specified in U.S.S.G. § 1B1.10(c) "because to do so would be inconsistent with the policy statement outlined in 1B1.10(a)"). The district court did not abuse its discretion.

AFFIRMED.

3

EXHIBIT  (F)

EXHIBIT  (F)

CASE # _____ OC - CR - 6065 - WPD



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# "Do Not Scan or Copy This Transcript."

DE # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,    )  CASE NO.  00-6065-CR-WPD
                     )
          Plaintiff,     )
                     )
      -v-             )
                     )
FITZROY MANDERSON,       )
                     )  Fort Lauderdale, Florida
         Defendant.    )  August 25, 2000
_____)  11:03 a.m.

TRANSCRIPT OF SENTENCE

BEFORE THE HONORABLE WILLIAM P. DIMITROULEAS

U.S. DISTRICT JUDGE

APPEARANCES:

For the Plaintiff         TERRENCE J. THOMPSON, ESQ.
                        Assistant U.S. Attorney
                        500 E. Broward Boulevard
                        Suite 700
                        Fort Lauderdale, Florida 33394

For the Defendant        HOWARD J. SCHUMACHER, ESQ.
                        One East Broward Boulevard
                        Suite 700
                        Fort Lauderdale, Florida  33301

Reporter                 ROBERT A. RYCKOFF
                        Official Court Reporter
                        299 East Broward Boulevard
                        Fort Lauderdale, Florida  33301
                        954-769-5657

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE