UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 04-60168-CIV-DIMITROULEAS
                                         (00-6065-CR-DIMITROULEAS)
    Plaintiff,

vs.

FITZROY MANDERSON,

    Defendant.
_____/

FILED by ___ D.C.

FEB 9 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

### FINAL JUDGMENT AND ORDER DISMISSING MOTION TO VACATE

THIS CAUSE having been heard upon Defendant's (Manderson) pro se January 20, 2004 Second Motion to Vacate [DE-1] and the Court having reviewed the Pre-Sentence Investigation Report (PSIR) and the Court file, finds as follows:

1. On June 14, 2000, the Defendant was found guilty of Possession with Intent to Distribute Cocaine. [CR-DE-48].

2. On August 25, 2000, the Defendant was sentenced to 78 months in prison. [CR-DE-60], the top end of the guideline range.

3. On August 30, 2000, defense counsel filed a Notice of Appeal. [CR-DE-62].

4. On October 19, 2000, the Defendant filed a pro se Notice of Appeal [CR-DE-63].

5. On September 11, 2001, the Eleventh Circuit Court of Appeals dismissed the appeal. [CR-DE-82]. However, the appeal was apparently later reinstated and denied on January 15, 2002. U.S. v. Manderson, 31 Fed. Appx. 929 (11th Cir. 2002). Mandate issued on February 14, 2002. [CR-DE-89]. Manderson's conviction became final on April 16, 2002. Bond v. Moore, 309 F. 3d 770, 774 (11th Cir. 2002).



6. On January 28, 2002, Manderson filed a Motion For Modification of Sentence [CR-DE-85] complaining that a November 1, 2001 amendment to the guidelines allowing the safety valve for Defendant's scoring between Level 17 and 26 should be retroactively applicable to him. On February 5, 2002, this Court denied the motion. [CR-DE-86] since Manderson scored out to Level 26, the amendment did not help him. Moreover, the Court found that the amendment to the guidelines did not afford Defendants a second bite at the safety valve apple. Manderson's appeal of this order was dismissed on April 16, 2002. [CR-DE-98].

7. On May 1, 2002, Manderson filed a Motion to Vacate. [02-60647-CIV-Dimitrouleas]. On May 31, 2002 this Court denied the motion, [CR-DE-101], finding that a request for downward departure on a minor role basis had been argued and denied at sentencing, [CR-DE-73, pp. 6-12] and that no prejudice could be shown.

8. On January 2, 2003, Manderson filed a Motion for Modification of Sentencing complaining again about the safety valve. [CR-DE-103]. He complained also that a 2002 amendment to the Guidelines should benefit him. He also complained about no credit for acceptance of responsibility. On January 10, 2003, this Court denied the motion. [CR-DE-103]. On October 30, 2003, the Eleventh Circuit Court of Appeals affirmed. [CR-DE-114].

9. In this latest collateral attack, Manderson complains about ineffective assistance of counsel. He complains that the lawyer told him not to talk at sentencing.

10. However, the record reflects that Manderson made his own decision not to allocute at sentencing. (See page 11 of August 25, 2000 transcript). Moreover, the Court already has found that a minor role was not appropriate. [CR-DE-101]. Manderson has not proffered how his testimony could have changed that ruling.

11. This is, in effect, a successive collateral attack; permission to file such a motion must be approved by the 11th Circuit Court of Appeal. This petition is also time-barred.

Wherefore, Defendant's Motion to Vacate is Dismissed. Manderson may now petition the Eleventh Circuit Court of Appeals for permission to file a successive petition.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 9 day of February, 2004.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Fitzroy Manderson, #52244-004
c/o FSL/Elkton Ohio (GA)
PO Box 10
Lisbon, Ohio 44432-0010

Terrence Thompson, AUSA