UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 04-60725-CIV-DIMITROULEAS
                                                        (00-6065-CR-DIMITROULEAS)
　　　　Plaintiff,

vs.

FITZROY MANDERSON,

　　　　Defendant.
_____/



### FINAL JUDGMENT AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; ORDER VACATING REFERENCE TO MAGISTRATE

THIS CAUSE having been heard upon Defendant's (Manderson) pro se May 24, 2004 Petition For Writ of Habeas Corpus[1] [DE-1] and the Court having reviewed the Pre-Sentence Investigation Report (PSIR) and the Court file, finds as follows:

1. On June 14, 2000, the Defendant was found guilty of Possession with Intent to Distribute Cocaine. [CR-DE-48]. On August 23, 2000 defense counsel requested a minor role reduction. [CR-DE-57].

2. On August 25, 2000, the Defendant was sentenced to 78 months in prison, [CR-DE-60], the top end of the guideline range.

---

[1] Manderson's pleading has a caption for the Northern District of Ohio. However, he must have mailed it to the Southern District of Florida, and the Clerk of Court has opened up a case here. This court realizes that it is not unlikely that the Petition will resurface as a transfer from the Northern District of Ohio. However, since the Clerk has filed the petition here, this court will rule on it. A petition under 28 U.S.C. § 2241 in the Northern District of Ohio is inappropriate since Manderson is questioning his conviction in the Southern District of Florida. Additionally, this petition is unsworn, although it is accompanied by an Affidavit of Support. That affidavit has a qualified oath: "facts are true and correct to best of my ability." Such a qualified oath is insufficient.

1



3. On August 30, 2000, defense counsel filed a Notice of Appeal. [CR-DE-62].

4. On October 19, 2000, the Defendant filed a pro se Notice of Appeal [CR-DE-63].

5. On September 11, 2001, the Eleventh Circuit Court of Appeals dismissed the appeal. [CR-DE-82]. However, the appeal was apparently later reinstated and denied on January 15, 2002. U.S. v. Manderson, 31 Fed. Appx. 929 (11th Cir. 2002). Mandate issued on February 14, 2002. [CR-DE-89]. Manderson's conviction became final on April 16, 2002. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).

6. On January 28, 2002, Manderson filed a Motion For Modification of Sentence [CR-DE-85] complaining that a November 1, 2001 amendment to the guidelines allowing the safety valve for Defendant's scoring between Level 17 and 26 should be retroactively applicable to him. On February 5, 2002, this Court denied the motion. [CR-DE-86] since Manderson scored out to Level 26, the amendment did not help him. Moreover, the Court found that the amendment to the guidelines did not afford Defendants a second bite at the safety valve apple. Manderson's appeal of this order was dismissed on April 16, 2002. [CR-DE-98].

7. On May 1, 2002, Manderson filed a Motion to Vacate. [02-60647-CIV-Dimitrouleas]. Included in his complaints were allegations that his counsel was ineffective at sentencing. On May 31, 2002 this Court denied the motion, [CR-DE-101], finding that a request for downward departure on a minor role basis had been argued and denied at sentencing, [CR-DE-73, pp. 6-12] and that no prejudice could be shown.

8. On January 2, 2003, Manderson filed a Motion for Modification of Sentencing complaining again about the safety valve. [CR-DE-103]. He complained also that a 2002 amendment to the Guidelines should benefit him. He also complained about no credit for acceptance of responsibility. On January 10, 2003, this Court denied the motion. [CR-DE-103].

On October 30, 2003, the Eleventh Circuit Court of Appeals affirmed. [CR-DE-114]. U.S. v. Manderson, 87 Fed. Appx. 713 (11th Cir. 2003).

9. On January 20, 2004, Manderson complained about ineffective assistance of counsel. He complained that the lawyer told him not to talk at sentencing. On February 9, 2004, this court dismissed the motion as successive and time-barred. [CR-DE-117]. On April 23, 2004, the Eleventh Circuit Court of Appeal denied Manderson's request to file a successive motion.[2]

10. In this latest complaint, Manderson complains that his lawyer was ineffective at sentencing for advising him not to testify at sentencing. Morever, he complains that sentencing counsel was ineffective in not seeking reductions for the safety valve, minor role and acceptance of responsibility. He also complains that these issues should have been raised on appeal. Manderson alternatively requests a belated appeal and/or mitigation of his sentence. However, the record reflects that Manderson made his own decision not to allocute at sentencing. (See page 11 of August 25, 2000 transcript). Moreover, the Court already has found that a minor role was not appropriate. [CR-DE-101]. Manderson has not proffered how his testimony could have changed that ruling. Additionally, the court denied a request for a minor role reduction. [CR-DE-73, pp. 6-12]. No ineffectiveness has been shown by sentencing or appellate counsel.

11. No matter what he calls it, this petition is, in effect, another a successive collateral attack[3]; Manderson has not shown that his post-conviction relief statute remedy is inadequate or

---

[2]That denial, in and of itself, may justify this court's dismissing this petition. See Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003).

[3]Normally, this court would give Manderson an opportunity to withdraw this motion prior to recharacterizing it as a Motion to Vacate. Castro v. U.S., 124 S.Ct. 786 (2003). However, Manderson has already had a prior 2255 Motion, therefore no prejudice can be shown by recharacterization.

3

ineffective. Christopher v. Miles, 342 F.3d 378, 381-82 (5th Cir.) cert. denied, 124 S.Ct. 950 (2003); Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) cert. denied, 121 S.Ct. 894 (2001); U.S. v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Permission to file such a motion must be approved by the Eleventh Circuit Court of Appeal. See Poindexter v. Nash, 333 F.3d 372, 383 (2d Cir. 2003) cert. denied, 124 S.Ct. 1486 (2004). This petition is also time-barred. This petition is an abuse of the Writ of Habeas Corpus.

Wherefore, Defendant's Petition is Dismissed. See Lee v. Wetzel, 244 F.3d 370, 373 n.3 (5th Cir. 2001). Manderson may now petition the Eleventh Circuit Court of Appeals for permission to file a successive petition. The Reference to Magistrate [DE-2] is withdrawn. The Clerk shall close this case and deny any pending motions as moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of June, 2004.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Fitzroy Manderson, #52244-004
c/o FSL/Elkton Ohio (G/A)
P.O. Box 10
Lisbon, Ohio 44432-0010

Terrence Thompson, AUSA

Hon. Patrick A. White
U.S. Magistrate Judge